# Downs *v.* Hopkins, Allen & Co.

*Bill in Equity by Junior Mortgagee, for Redemption and Account.*

1. *Purchase by mortgagee, at sale under power* —When a mortgagee sells under a power in the mortgage, and becomes himself the purchaser, the sale is liable to be set aside, at the election of the mortgagor, or a junior mortgagee, seasonably expressed ; and a bill in equity by the junior mortgagee, asking an account and redemption, is an appropriate mode of manifesting his election

2. *Same ; liability of mortgagee for rents and profits.*—A mortgagee, in possession without a sale, is liable for rents and profits, under a bill to redeem by

[Downs v. Hopkins, Allen & Co.]

the mortgagor, or by a junior mortgagee ; and the same rule must prevail, when he takes possession as purchaser at his own sale under a power in the mortgage.

APPEAL from the Chancery Court at Montgomery.

Heard before the Hon. H. AUSTILL.

The bill in this case was filed on the 14th March, 1872, by Mrs. Mary A. Downs, a married woman, suing by her husband as next friend, against the partners composing the firm of Hopkins, Allen & Co. (a mercantile partnership doing business in the city of New York), J. H. Lakin, and George Cowles ; and sought a redemption of a certain store-house and lot in the city of Montgomery, which said George Cowles had mortgaged to Hopkins, Allen & Co., and afterwards to James S. Brooks, as the administrator of E. A. Cowles, deceased, who was the complainant's father, and an account of the mortgage debts. The mortgage to Hopkins, Allen & Co. was dated the 7th September, 1856, and was duly proved and recorded ; and the mortgage to Brooks, as administrator of E. A. Cowles, which recited an indebtedness of $10,000 on settlement of partnership accounts, was dated the 18th February, 1858, and was also duly recorded. On the 17th March, 1868, a portion of the debt due to Hopkins, Allen & Co. being still unpaid, they sold the property under a power of sale contained in their mortgage, and executed a conveyance to John Allen, a member of the firm, as the purchaser at the sale ; and Allen took possession of the property, holding for the use and benefit of the partnership, until September, 1870, when he sold and conveyed to J. H. Lakin. Lakin had knowledge of the mortgages, and had paid but a small portion of the purchase-money ; and he submitted to the court the question, how the balance should be paid. The complainant was the only child of said E. A. Cowles ; and she alleged that his estate had been finally settled by the administrator, and that she was the only person interested in the mortgage to Brooks as administrator. The chancellor held the complainant entitled to relief, as prayed in her bill, and ordered an account to be stated by the register, to ascertain the amount due from Lakin, and the respective amounts due on the mortgage debts ; and he ordered the amount due from Lakin to be first applied to the payment of the mortgage debt due to Hopkins, Allen & Co., and the balance to the mortgage debt claimed and owned by the complainant ; but he further held, that Hopkins, Allen & Co. were not chargeable with the rents and profits of the property during Allen's possession under the purchase at their sale. The appeal is sued out by the complainant, who here assigns as

error the refusal to charge Hopkins, Allen & Co. with these rents and profits.

GEO. F. MOORE, and D. S. TROY, for the appellant, cited 2 Jones on Mortgages, §§ 1114, 1121–24, 1876 ; 1 Hilliard on Mortgages, 417 ; *Gordon v. Lewis*, 2 Sumner, 143 ; *Kornegay v. Spicer*, 76 N. C. 95 ; 1 Washb. Real Property, 631.

BRICKELL, C. J.—The assignments of error raise a single question : whether a mortgagee, in possession under a purchase at his own sale, by virtue of a power in the mortgage, can be made to account to a junior mortgagee, electing to avoid the sale, for rents and profits during the continuance of his possession. It is not questioned, that a sale, in which the mortgagee was vendor and vendee, is voidable at the mere election of any party having interests and rights which could be injuriously affected by it, seasonably expressed. Nor can it be doubted, that a bill in equity by a junior mortgagee, to be let in to redeem, is an appropriate mode of manifesting the election on his part; or that, in view of the particular facts of this case, the election was made seasonably.—*Charles v. Dubose*, 29 Ala. 367 ; *Robinson v. Cullom*, 41 Ala. 693.

If, without a sale under the power, in the exercise of the right of possession, an incident to the legal estate, the mortgagees had entered, their accountability to the junior mortgagee, for rents and profits during the term of their possession, would not be a matter of controversy.—*Moore v. De Graw*, 1 Halst. Ch. 346 ; *Gordon v. Lewis*, 2 Sumner, 143 ; 2 Jones' Mort., § 1114 ; 1 Hill. Mort. 417. Profit for themselves, from the possession of the premises, they can not be allowed to derive, so long as the relation of mortgagor and mortgagee continues. Therefore, whenever there is a redemption by any party entitled to redeem, a mortgagee in possession must apply the rents and profits in reduction of his mortgage debt, subject to an allowance for all proper expenditures which, as tenant in possession, he may have made. The principle upon which the mortgagee, in possession as mortgagee, is made accountable for rents and profits, and compelled to apply them in reduction of the mortgage debt, for the ease of the owner of the equity of redemption, is, that he stands in the relation of a trustee, and they form a trust fund, primarily applicable in payment of the mortgage debt. A court of equity makes that application of them, so soon as they are received. Payment of the mortgage debt is the full measure of the right of the mortgagee, in a court of equity. This is all which he may exact of the mortgagor ;

and a second mortgagee, coming in to redeem, stands in the same situation as the mortgagor—is entitled to the benefit of all payments he may have made, and to all allowance for rents which ought to be made to him.—*Harrison v. Wyse,* 24 Conn. 1.

When, at the election of the junior mortgagee, the sale of the mortgaged premises was avoided, the avoidance had relation to the day of sale, restoring the parties to the condition in which they then were, leaving the mortgagees in possession simply as mortgagees, and not as purchasers under the power of sale. In possession as mortgagees, it was equitable that the rents and profits should be applied in reduction of the mortgage debt. They could not be allowed to retain them for their own profit.

The decree of the chancellor is reversed, and the cause remanded.

STONE, J. not sitting.