[Bank of Tallassee, et al. v. Jordan.]

# Bank of Tallassee, *et al. v.* Jordan.

### Bill to Foreclose Mortgage.

(Decided April 5, 1917.  74 South. 936.)

1. **Corporations; Mortgages; Execution by President; Liability.**—A mortgage reciting that bank had caused instrument to be executed in its own name by H., its president, signed, "People's Savings Bank, H., President," and properly acknowledged as mortgage of bank, was that of the bank, and not of H. individually; the fact that name of H. was not preceded by word "by" and followed by "as president" not showing that mortgage was executed by H. individually.

2. **Corporations; Instruments Executed by Individual; Construction.**—Signatures affixed to an instrument do not always control in determining whether it is that of the corporation indicated or that of person signing names; so courts will look to the whole instrument in determining the same.

APPEAL from Elmore Circuit Court.

Heard before Hon. LEON McCORD.

Bill by Mrs. M. R. Jordan against the Bank of Tallassee and the Peoples' Saving Bank of Tallassee to foreclose a mortgage executed by the latter bank.  Decree for complainant and respondents appeal.  Affirmed.

FRANK W. LULL and T. G. HILYER for appellant.  W. A. JORDAN and BALL & SAMFORD for appellee.

MAYFIELD, J.—Appellee filed her bill to foreclose a mortgage executed by the People's Savings Bank of Tallassee.  Before the bill was filed the property mortgaged was conveyed by the mortgagor bank to another bank, the Bank of Tallassee, the grantee assuming liability to pay the debt of complainant secured by the mortgage.  The principal secured by the mortgage was not to mature until June, 1917, but the mortgage contract contained many covenants on the part of the mortgagor, such as to keep the property insured for the benefit of the mortgagee as her interest might appear, to assess the mortgaged property for taxes, and pay the taxes, promptly, and to pay the interest on the principal debt in monthly installments.  A breach of any of these conditions, or of some others with certain qualifications, not necessary to mention should at the election of the mortgagee mature the whole debt, and therefore warrant a foreclosure as

for the principal and other charges and indebtedness secured by the mortgage.

The bill alleged a breach of conditions in the failure to properly insure the property in accordance with the covenants, and declared the whole of the indebtedness secured to be due and payable, and sought to have the mortgage foreclosed, making the assignee or grantee of the mortgaged property a party to the bill.

The defendants each demurred to the bill, assigning various grounds of demurrer. The demurrer being overruled, each defendant answered, admitting most all of the averments of the bill, except those averments alleging a breach of the covenants or conditions of the mortgage in such sort as to mature the entire indebtedness. These allegations were denied, and the answer also attempted to set up facts to show a waiver on the part of the mortgagee of the right to enforce such covenants or conditions of the mortgage.

A hearing was had on the bill, answer, and proof; and complainant was awarded the relief prayed, after a decree for an accounting to ascertain the amount of the mortgage debt due. From the decree respondents appeal, asigning various grounds.

(1, 2) The bill was well drawn, and the breaches of the conditions and covenants of the mortgage were well alleged. The bill was not subject to any of the grounds of demurrer assigned or argued. The bill, together with its exhibits, showed that the mortgage was properly executed by the corporation. The instrument did not show on its face, as claimed, that it was executed by Holloway individually, but that it was executed by him as president of the corporation and bank. The mere fact that the name "H. S. Holloway" was not preceded by the word "by" and followed by the phrase "as president" did not show that the mortgage was executed by Holloway individually. Courts do not look solely to the name of the corporation, nor to that of the officer or agent writing the name and his own, in determining whether a given instrument was executed by the corporation, or by the person signing his name or that of the corporation to such document, but look to the whole instrument, its body, its recitals, its other indicia of execution, as the acknowledgment, if such it has—as well as to the signatures to the instrument. The signatures or names affixed to an instrument do not always control in determining whether the instrument is

that of the corporation indicated, or that of the person who signed the names. Neither do the words "by" and "as" preceding or following the name of the corporation, or that of the individual or officer signing or writing such name, always control in determining by whom the given instrument is executed and who is bound thereby.

Construing the mortgage in question, we have no hesitancy in saying that it was properly executed by the People's Saving Bank of Tallassee, a corporation, the executing being done by or through its president, H. S. Holloway.

The attesting clause, including the signatures and the acknowledgment, is as follows: "In witness whereof the said People's Savings Bank has caused this instrument to be executed in its own name by H. S. Holloway, its president, under its corporate seal, this the 22d day of June, 1912.

"The People's Savings Bank of Tallassee, Ala.,
"H. S. Holloway, Pres't.

"Attest:
"W. A. Jordan.
"T. G. Hilyer.
"The State of Alabama, Elmore County.

"I, T. G. Hilyer, a notary public in and for said county and state, hereby certify that H. S. Holloway, as president of the People's Savings Bank, a corporation, whose name is signed to the foregoing mortgage, and who is known to me, acknowledged before me on this day, that being informed of the contents of the mortgage, he, as such officer and with full authority, executed the same voluntarily, on the day the same bears date, for and as the act of said corporation.

"Given under my hand this 22nd day of June, A. D. 1912.
"T. G. Hilyer, Notary Public."

The authorities cited by appellants to show that this was not the mortgage of the bank, but of Holloway, are not apt or in point.

It thus appears to be so plain and certain that the instrument is the mortgage of the corporation and bank, and not that of Holloway, that it needs no citation of authority to support this holding. Moreover, when we come to the answer, it admits the execution as alleged in the bill.

We agree with the chancellor in his finding that the allegations as to breaches were supported by the proof, and that com-

[Southern Railway Co. v. Fisher.]

plaintant was entitled to all the relief decreed; and we find no error of which the appellants can complain.

None of the questions argued have been overlooked, but we deem it unnecessary to discuss those not specifically dealt with, or to cite authorities in support of the decree.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.