(93 South. 905)

### WADE v. MILLER. (7 Div. 332.)

(Supreme Court of Alabama. Oct. 26, 1922.)

Appeal and error &#9166;1009(6)—Appellate court must review evidence de novo, where chancellor finds on evidence taken before register.

Where the chancellor finds on evidence taken before a register, the appellate court, in view of Code 1907, § 5955, subd. 1, must review the evidence de novo.

Appeal from Circuit Court, Cherokee County; W. W. Haralson, Judge.

Bill by J. P. Miller against W. R. Wade to enforce a vendor's lien. From a decree for complainant, defendant appeals. Affirmed.

Hood & Murphree, of Gadsden, for appellant.

The possession by the payee of a note raises the presumption of payment. 68 Ala. 592.

Hugh Reed, of Center, for appellee.

Where defendant has the notes in his possession, to raise the presumption of payment the whole case must be free from any circumstance calculated to excite suspicion. 68 Ala. 592.

ANDERSON, C. J. It is needless for us to pass upon the propriety of the action of the trial court in not excluding certain evidence introduced by the complainant, for, with such evidence excluded, the remaining evidence convinces us that, notwithstanding respondent's possession of the notes, they were not paid, that is, the balance claimed to be due either to complainant or Hill; and the conclusion of the trial court is affirmed. Paragraph 1 of section 5955 of the Code of 1907 provides that in deciding appeals from the chancery court no weight shall be given the decision of the chancellor upon the facts,

but this court shall weigh the evidence and give judgment as it deems best. True, this court has repeatedly held that this provision is binding upon this court only when it has the same opportunity to pass upon the evidence as did the trial court, and did not apply in equity or law cases when the evidence was ore tenus or partly so, and the witnesses, or some of them, were seen and heard by the trial court, and which therefore possessed an advantage over this court in weighing and considering the evidence. All of the evidence, however, in this cause appears to have been taken before the register, none of the witnesses having been seen and heard by the trial court, and the review of its conclusion is in effect under the terms of the above statute, practically de novo. Glover v. Hill, 85 Ala. 41, 4 South. 613.

The case of First National Bank v. Chaffin, 118 Ala. 246, 24 South. 80, and others there qualified, explained, or overruled, involved decisions or decrees in cases where the evidence was ore tenus before the trial court, and there was a presumption in favor of its conclusion upon the facts, and did not involve a decree in equity based upon the evidence of witnesses who were not seen and heard by the trial court, and as to which this court possessed the same opportunity of passing upon the credit and weight of the evidence.

The decree of the circuit court is affirmed.

Affirmed.

SAYRE, GARDNER, and MILLER, JJ., concur.