(105 So. 684)

## JACKSON v. BLANKENSHIP. (8 Div. 665.)

(Supreme Court of Alabama. June 11, 1925.
Rehearing Denied Oct. 22, 1925.)

1. Mortgages ⌖362—Purchase by mortgagee on sale under mortgage not authorizing such is voidable.

Where mortgagee becomes purchaser of property on sale under mortgage not authorizing him to become purchaser, sale is voidable at election of any party having interests or rights which could be injuriously affected.

2. Mortgages ⌖362—Election to disaffirm voidable sale may be manifested by bill in equity.

Election to disaffirm sale, wherein mortgagee purchased under mortgage not authorizing him to become purchaser, may be manifested by bill in equity.

3. Mortgages ⌖369(5)—Election by wife abandoned by husband to disaffirm voidable sale seasonably made six months after sale.

Where wife had been abandoned by husband, an election to disaffirm voidable sale under mortgage is seasonably made six months after sale.

4. Homestead ⌖192 — Abandoned wife has interest in homestead sufficient to disaffirm voidable sale thereof.

An abandoned wife living on homestead under Code 1907, § 4190, has such interest and right therein as to disaffirm voidable sale under mortgage given by husband before marriage.

5. Homestead ⌖192—Wife abandoned by husband has right to file bill in equity to disaffirm voidable sale under mortgage.

Wife, whose husband had abandoned her and left state, has right to file bill in equity to disaffirm voidable sale of homestead under mortgage and be reinvested with equity of redemption as it existed before sale, and to redeem.

6. Mortgages ⌖369(7)—Pleading ⌖201—Bill to disaffirm voidable sale under mortgage is demurrable for not seeking to redeem but defects must be pointed out.

Bill by wife, whose husband had abandoned her and left state, seeking to disaffirm and set aside voidable sale under mortgage is demurrable for failing to seek to redeem property, but demurrer to be good must point out defect in view of Code 1923, § 9479.

Appeal from Circuit Court, Colbert County; Charles P. Almon, Judge.

Bill in equity by Eliza Jackson against W. J. Blankenship. From a decree sustaining demurrer to the bill, complainant appeals. Reversed, rendered, and remanded.

Andrews, Peach & Almon, of Sheffield, and John E. Deloney, Jr., and Shaw & Shaw, all of Tuscumbia, for appellant.

The complainant had the right to redeem the property within two years, and such an interest as gave her the right to disaffirm an invalid sale, her rights being injuriously affected thereby. Her objection to the invalid sale was seasonably expressed by filing the bill. Thomas v. Jones, 84 Ala. 302, 4 So. 270; Downs v. Hopkins, Allen & Co., 65 Ala. 508. It was not necessary for the complainant to offer to redeem, having two years in which to do so, and the bill seeking merely to set aside a voidable sale.

Simpson & Simpson, of Florence, for appellee.

Complainant has no homestead interest in the property. 8 Michie's Ala. Dig. 88, 128; Hodges v. Hodges, 201 Ala. 215, 77 So. 742; Talmadge, Adm'r, v. Talmadge, 66 Ala. 199; High v. Whitfield, 130 Ala. 448, 30 So. 449. She has no privity of interest allowing her to maintain the bill. Woodruff v. Adair, 131 Ala. 530, 32 So. 515; Union Bank & Tr. Co. v. Thompson, 202 Ala. 537, 81 So. 39; Thomas v. Blair, 208 Ala. 48, 93 So. 704. The bill does not offer to redeem and is without equity.

MILLER, J. This is a bill in equity by Eliza Jackson against W. J. Blankenship, seeking to disaffirm and have set aside a sale of real estate made by defendant under a mortgage given him by the husband of complainant, and to reinvest her with the equity of redemption on the ground the mortgagee, the defendant, became the purchaser of the real estate at the foreclosure mortgage sale without authority in the mortgage. The defendant demurred to the bill, which demurrer was sustained by the court, and complainant was directed to amend, if she could, the bill to give it equity, within 30 days, and if she failed to do so, the bill stood dismissed at the cost of complainant, to be taxed by the register, for the collection of which execution may issue. The complainant within the 30 days appealed from that decree, and it is the error assigned.

Morris Jackson and Eliza Jackson, the complainant, were married in October, 1918. Morris Jackson on September 5, 1918, prior to his marriage, executed to the defendant a mortgage on lots 13 and 14 in block 247 in the city of Sheffield, Colbert county, Ala., to secure $638 evidenced by 32 promissory notes. These lots with the improvements thereon do not exceed in area one acre, nor in value $2,-000. They were used and occupied by complainant and her husband as a homestead after their marriage until June, 1921, when he abandoned her, left the county and state, without her consent and without informing her of his intentions and whereabouts, and this real estate has been continuously since that time occupied and claimed by complainant as a homestead, and she filed her claim of exemption to it as a homestead in the office of the judge of probate of said county.

⌖For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The defendant on December 10, 1921, sold the above-mentioned real estate under the power of sale in the mortgage, and became the purchaser of it at this sale, and made a deed to himself conveying the property. The mortgage did not authorize him to bid or become the purchaser of the property at the sale, and the sale made by him to himself is voidable.

The complainant alleges she, as wife of the mortgagor, has an interest in this real estate and the equity of redemption and the right to disaffirm this sale, and she by the bill elects to disaffirm the sale, to have it set aside, and to reinvest her with her equity of redemption, and she prays for general relief.

[1, 2] This mortgage did not authorize the mortgagee, the defendant, to purchase this property at the foreclosure sale. The mortgage was foreclosed, and without authority the defendant, the mortgagee, became the purchaser of the property. This sale "is voidable at the mere election of any party having interests and rights which could be injuriously affected by it, seasonably expressed." Downs v. Hopkins, 65 Ala. 508, 510. An election to disaffirm the sale may be manifested by a bill in equity, which the complainant does in this cause. Thomas v. Jones, 84 Ala. 302, 4 So. 270, and authorities supra.

[3] Was the election to disaffirm the sale seasonably expressed? Was the bill filed to disaffirm the sale within a reasonable time? The mortgage was foreclosed and the mortgagee became the purchaser on December 10, 1921, and this bill was filed on June 5, 1922. This was within a year after the foreclosure. It was filed in time, and the election to disaffirm the sale was seasonably expressed. This right to disaffirm was exercised and manifested by complainant within less than two years after the foreclosure sale, which time (two years) has been held to be a reasonable time within which to do so. Woodruff v. Adair, 131 Ala. 530, headnote 3, 32 So. 515.

Could the complainant, the wife of the mortgagor, disaffirm this sale? She could do so if she had interests and rights in this property which could be injuriously affected by it. Downs v. Hopkins, 55 Ala. 510.

[4] This was the homestead of the husband of complainant. It was in area less than one acre, and in value less than $2,000, and he was entitled to it as a homestead exemption. They used and occupied it as a homestead until he abandoned her. She continued to use and occupy it as a home after he abandoned her, and is using and occupying it now as such. The mortgage was foreclosed after he abandoned her. When a husband, entitled to a homestead exemption, abandons his wife or leaves the state, the wife, a resident of this state, with the intention so to continue, shall be entitled to interpose any and all claims of homestead exemption to the property which the husband could have interposed. The complainant availed herself of this right to this homestead, allowed her by statute, after her husband abandoned her. Section 4190, Code 1907. The complainant had the right to claim this property as a homestead exemption after her husband abandoned her and left the state. She had the right to use and occupy it as a homestead after he abandoned her and after he left the state, if she intended—as the bill evidences—to continue a resident of this state. This was and is a valuable right to and interest in this property, which the statute grants to the wife, the complainant, under the averments of this complaint. The rights and interests of the wife in the homestead of the husband are valuable; she can prevent him from selling it; she can occupy it jointly with him while he lives. If he dies first she can occupy it during her life. If he abandons his family, or leaves the state, the wife, a resident of the state, with intention to so continue, is entitled to interpose any and all claims of homestead exemption to it, which he could have done, and she can continue to use and occupy it as a home. Section 4190, Code 1907; People's Bank v. Barrow, 208 Ala. 433, 94 So. 600. Where real estate is sold under power of sale in a mortgage, the same may be redeemed by the wife of the mortgagor, in the manner provided by statute. Section 5746, Code 1907. If the wife has the statutory right to redeem a homestead from a valid mortgage foreclosure sale, then she has such an interest in, and such rights to the homestead, that will permit her to disaffirm a voidable sale of it made under a mortgage, when seasonably expressed.

It is apparent from the face of the bill and the facts alleged that complainant has interests in, and rights to, this homestead, and this interest and this right to it could be injuriously affected by this voidable foreclosure sale under the power under this mortgage. Taylor v. Taylor, 207 Ala. 217, 92 So. 109, and authorities supra.

[5, 6] The complainant has the right to file this bill to disaffirm this sale and purchase by the defendant of this property, and be reinvested with her equity of redemption as it existed before the sale and to redeem; but she does not have to tender or offer to pay the mortgage debt before filing the bill as a condition precedent to the exercise of the right of disaffirmance of the sale and redemption of the property. The bill is demurrable for failing to seek to redeem the property; but the demurrer does not point out this defect. Thomas v. Jones, 84 Ala. 302, 4 So. 270; Taylor v. Taylor, 207 Ala. 217, 92 So. 109; Downs v. Hopkins, 65 Ala. 508; section 9479, Code 1923; and authorities supra.

The court erred in sustaining the demurrers of respondent to the bill. A decree will be entered here overruling the demurrers, and the cause will be remanded.

Reversed, rendered, and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.