8 So.2d 442

### MURPHY et al. v. MAY.

### 3 Div. 352.

Supreme Court of Alabama.

Feb. 19, 1942.

Rehearing Denied June 11, 1942.

Ball & Ball, of Montgomery, for appellants.

Walter J. Knabe and Jack Crenshaw, both of Montgomery, for appellee.

LIVINGSTON, Justice.

As we construe it, the bill as amended seeks to disaffirm and have set aside a sale of real estate made under a mortgage given by complainant's wife, and to re-invest complainant with the equity of re-demption, on the grounds that the mort-gage foreclosure sale was made before the maturity of the debt secured by it, or that no proper notice of the purported foreclosure sale was given. The bill fur-ther seeks to determine the amount due and offers to pay the same, and asks con-tribution from the respondents as remain-dermen, who are the heirs and next of kin of his wife, and general relief.

It appears that, on April 1, 1938, Celeste May and her husband, Charles May, the complainant, executed and delivered to Delilah Murphy, mother of Celeste May, and one of the respondents, a promissory note in the sum of $500, due and payable on the first day of April, 1940, without in-terest, and secured by a mortgage on the following described real estate, viz., "Lot 3 of Block 8 of the Plat of Bel Air as the same appears in the office of the Judge of Probate of Montgomery County, Ala-bama, in Plat Book One, at page 84."

At the time the note and mortgage were executed and delivered, no money was then due or owing from Celeste May to Delilah Murphy, but the sum of $500 was to be advanced when, and in such different and several amounts as desired by Celeste May.

Celeste May died intestate on or about February 20, 1939, leaving surviving com-plainant, Charles May her husband, the respondent Delilah Murphy, her mother, also Bernard Murphy, Lucius L. Murphy and Franklin B. Murphy, her brothers, who are alleged to be her only heirs and next of kin, and also are made parties respondent.

After advertisement, as hereinafter noted, the property covered by the mort-gage was sold at foreclosure sale on Au-gust 25, 1939, and purchased by Lucius L. Murphy. On the same day Lucius L. Murphy conveyed the property to De-lilah Murphy who claimed the right to redeem from the purchaser.

The question as to how much money had been advanced to Celeste Murphy un-der the note and mortgage was disputed, as was the question as to whether Charles May was a principal or accommodation maker thereof.

A careful examination of the bill of complaint as last amended and the de-murrers assigned thereto convinces us that the trial court properly overruled the de-murrers.

Upon the conclusion of the testimony, taken ore tenus, the trial court made and entered the following decree:

"Findings of Fact. (1) That during the lifetime of complainant's wife, Celeste M. May, she executed to her mother, the re-spondent Delilah Murphy, a certain note and mortgage in the principal sum of five hundred dollars ($500.00); that at the time said mortgage was executed no money was then due or owing from said Celeste M. May, to the said respondent, but the sum of $500.00 was to be advanced by Delilah Murphy to the said Celeste May; that at the time of the death of said Celeste May a total of $500.00 had been advanced on said mortgage.

"(2) That no part of the consideration of said note passed to the complainant and that said complainant was an accommoda-tion maker of the note secured by said mortgage.

"(3) That the attempted foreclosure by the respondent of said mortgage was void in that said mortgage was not then in de-fault, and that the said foreclosure was further defective in that proper notice as required by statute was not given.

"(4) That the respondent has been in possession of the property conveyed by said mortgage, since the attempted foreclosure and should be required to account for rents collected by her during said period.

"(5) That the complainant is the holder of a life estate in the property conveyed by said mortgage and that the respond-ents, Delilah Murphy, Bernard Murphy, and Frank Murphy, being the mother and brothers of said Celeste May, are the owners of the remainder interest in said property; that upon payment of the en-cumbrance on said property now held by the respondent Delilah Murphy, the com-plainant as life tenant would be entitled to be reimbursed by said remaindermen for the amount so paid, less such sums as will equal the present value of the annual installments he would have paid during

his life, if the encumbrance has remained so long in existence.

"It is, therefore, ordered, adjudged and decreed by the court as follows:

"1. That the foreclosure deed dated the 25th day of August, 1939, to Bernard Murphy, as the attempted deed or deed of redemption from Bernard Murphy to Delilah Murphy are hereby set aside and held for naught, and said respondents Delilah Murphy and Bernard Murphy are hereby ordered, commanded, and directed to note on the margin of the record of said respective deeds that said deeds are null and void and have been held null and void by this decree. Should said respondents fail to enter said notation on the margin of the record of said respective deeds, within thirty days from this date, then the register of this court shall make such notation on the margin of the record thereof.

"2. That the register of this court do hold a reference to ascertain such sums as will equal the present value of the annual installments of interest which would have been paid by said life tenant during his life if the encumbrance had remained so long in existence, and to make report of his findings on said reference to this Court."

The respondents appeal.

■ Where the trial judge has the witnesses before him, hears their testimony and observes their demeanor on the stand, his judgment, unless palpably wrong, will not be here disturbed. Puckett v. Puckett, 240 Ala. 607, 200 So. 420; Bonds v. Bonds, 234 Ala. 522, 175 So. 561; McClurkin v. McClurkin, 206 Ala. 513, 90 So. 917; Wade v. Miller, 208 Ala. 264, 93 So. 905; McWilliams v. Phillips, 71 Ala. 80.

There is nothing in the record to justify a disturbance of the finding of the trial judge that complainant, Charles May, was an accommodation maker of the note and mortgage, and that the sum of $500 was advanced thereon.

Appellants insist that the trial court erred in entering a decree setting aside and holding for naught the foreclosure deed to Bernard Murphy (Lucius L. Murphy), and the deed from Bernard Murphy (Lucius L. Murphy) to Delilah Murphy. This part of the court's decree was predicated upon a finding by the trial court that the mortgage was not in default at the time of the foreclosure sale, and a further finding that notice of the foreclosure sale was not given in accordance with the provisions of the mortgage.

The pertinent provisions of the mortgage are as follows:

"We further agree to keep said property insured in good and responsible companies for not less than five hundred ($500.-00) dollars, and have the policies payable to said Delilah Murphy as her interest may appear in said property; and deliver the same to her; and should we fail to insure said property, then we authorize said Delilah Murphy to do so, and the premiums so paid by her shall be and constitute a part of the debt secured hereby.

"The grantor herein agree to pay all taxes and assessments, general or special, levied upon the real estate herein conveyed before the same becomes delinquent.

"And it is further understood that should the grantor fail to pay said taxes and assessments, or insure the property, as herein above stipulated, the mortgagee may pay the same, and without notice, declare the whole debt secured by this mortgage to be due and payable, and proceed to foreclose at once. All taxes and assessments paid by the mortgagee shall constitute a part of the debt secured by this mortgage."

■ Admittedly, the property was not insured in accordance with the provisions of the mortgage prior to the foreclosure sale, and appellants base the right to foreclose on that fact, citing the cases of Bank of Tallassee et al. v. Jordan, 199 Ala. 374, 74 So. 936, and People's Savings Bank v. Jordan, 200 Ala. 500, 76 So. 442. We have examined the original records in the Jordan cases, supra, and find that the insurance provisions of the mortgages in those cases, with the exception of one or two words, not at all material, are identical with the provisions of the mortgage here involved.

On the undisputed facts, we are unable to perceive any defense to the mortgagee's right to declare the debt due on account of the breach of the covenant to insure. Here there is no penalty nor forfeiture. Nothing except a covenant to which both parties willfully consented. In the absence of some act by the mortgagee which a court of equity would be justified in considering unconscionable, she is entitled to the benefit of the covenant.

But in attempting to foreclose the mortgagee did not give the notice provided for

in the mortgage. The answer of respondent Delilah Murphy admits that the foreclosure notice was inserted in the Montgomery weekly for the first time on August 3, 1939, and the foreclosure sale made on August 25, 1939. Clearly, this was not a compliance with the provisions of the mortgage set out above. Code of 1923, section 9260, Code of 1940, Title 7, section 716. In our opinion, the evidence falls far short of establishing a ratification by complainant of the foreclosure sale. Dorrough v. Barnett, 216 Ala. 599, 114 So. 198.

A foreclosure sale, such as is shown by this record, is voidable at the mere election of any party having interests and rights which could be injuriously affected by it, seasonably expressed. Downs v. Hopkins, 65 Ala. 508; Jackson v. Blankenship, 213 Ala. 607, 105 So. 684. An election to disaffirm the sale may be manifested by a bill in equity, which the complainant does in this case. Thomas v. Jones, 84 Ala. 302, 4 So. 270, and authorities cited above.

The foreclosure sale was made August 25, 1939, and this bill was filed January 8, 1940. It was filed in time, and the election to disaffirm the same was seasonably expressed. Woodruff v. Adair, 131 Ala. 530, 32 So. 515; Jackson v. Blankenship, supra.

Complainant was the husband of the mortgagor. He is entitled to the use during his lifetime of the realty left by the wife—she having died intestate. Code of 1923, section 7376, Code of 1940, Title 16, section 12.

As to the realty, the statute vests in the husband what is known to the common law as a life estate, and he and the heirs of his wife stand to each other in the relation of a tenant for life and remaindermen or reversioners in fee, Thompson v. Thompson, 107 Ala. 163, 18 So. 247, and such an interest is sufficient to maintain complainant's bill in this case.

The life tenant may perfect and protect his interest in the property by paying off the encumbrance, which he offers to do in the instant case. When he has done so, he is entitled to a due and proper contribution from the remaindermen of the principal sum so expended. The life tenant is required to pay or discharge the interest which would have been payable during the life tenancy. The rule is thus stated in our cases: "The life tenant is required to pay, as his part of the interest on mortgaged property, such a sum as will equal the present value of the amount of interest he would probably have paid during his life as estimated by the ordinary mortality tables; the remaindermen being required to pay the balance." Garrett v. Snowden, 226 Ala. 30, 145 So. 493, 494, 87 A.L.R. 216, and authorities there cited.

The trial court correctly held that the foreclosure sale was voidable in that proper notice was not given, but erred in holding that the mortgage was not in default at the time the sale was made.

The court was likewise in error in finding that Delilah Murphy, Bernard Murphy and Franklin Murphy are the owners of the remainder interest in the mortgaged property. Admittedly, Lucius L. Murphy owns an interest as remainderman.

The decree erroneously sets aside a foreclosure deed to Bernard Murphy, and a deed from Bernard Murphy to Delilah Murphy. Lucius L. Murphy instead of Bernard Murphy is the grantee in the foreclosure deed, and the grantor in the deed to Delilah Murphy.

In all other respects, the decree of the trial court is correct. For the errors pointed out, the cause must be reversed.

Reversed and remanded.

GARDNER, C. J., and BOULDIN and FOSTER, JJ., concur.