15 So.2d 564

## SINGLEY et al. v. LAND.
### 2 Div. 190.

Supreme Court of Alabama.
Nov. 18, 1943.

D. M. Boswell, of Butler, for appellants.

Granade & Granade, of Chatom, for appellee.

LIVINGSTON, Justice.

The bill of complaint as originally filed was by Robert Land, individually and as executor of the estate of J. R. Land, deceased, against Roxie V. Duncan Singley, Homer Duncan, Harmon Duncan and Hon. Wallace H. Lindsey, as Judge of Probate of Choctaw County, Alabama. By amendment, Robert Land, as executor of the estate of J. R. Land, deceased, was stricken as party complainant.

The principal purpose of the bill is to correct an alleged mistake made in transcribing a mortgage into the mortgage records of the office of the Judge of Probate of Choctaw County, and to restrain the respondents Roxie V. Duncan Singley, Homer Duncan and Harmon Duncan from cutting and removing timber from the lands described in the mortgage.

The case made by the bill is this: On February 17, 1920, J. R. Land, at the request of G. C. Duncan, purchased for said Duncan from S. J. Singley, the following described lands located in Choctaw County, Alabama, the west half of northeast quarter, the southeast quarter of northeast quarter, and the northwest quarter of southeast quarter of section 1, township 10, north, range 5 west, containing one hundred and seventy-six (176) acres, more or less. J. R. Land paid the purchase price of $2,315, and had Singley convey the lands direct to Duncan. To secure the purchase price, Duncan and wife, Roxie V. Duncan, now Mrs. Singley and one of the respondents, executed and delivered to Land a mortgage conveying the above-described lands to him. The mortgage was recorded in the office of the Judge of Probate of Choctaw County in Mortgage Record Book No. 88, at page 82. The Judge of Probate, or someone in his office, acting for him, in transcribing said mortgage described the following lands: "the West half of Southeast quarter, the Southeast quarter of Northeast quarter, the Northwest quarter of Southeast quarter, and the Northwest quarter of Southeast quarter of Section 1, Township 10, North, Range 5 West, in Choctaw County, containing 175 acres, more or less."

G. C. Duncan died intestate December 24, 1921. J. R. Land died testate January 12, 1926, and Robert Land was duly and regularly appointed and qualified as executor of his estate on February 23, 1926. The mortgage from G. C. Duncan and wife to J. R. Land was foreclosed under its powers, and the lands described therein sold on May 30, 1927, and F. G. Bush became the purchaser. On the same day Bush conveyed the lands to Robert Land, as executor of the estate of J. R. Land, deceased. On April 19, 1928, all the heirs of J. R. Land, deceased, executed and delivered to Robert Land a quitclaim deed to the lands described in the mortgage from G. C. Duncan and wife to J. R. Land. The original mortgage from Duncan and wife to J. R. Land was destroyed by fire which destroyed the store of Robert Land on January 17, 1930.

The answer of Hon. Wallace H. Lindsey, as Judge of Probate, is, in effect, a denial that the mortgage was incorrectly transcribed into the mortgage record.

The answer of respondents Roxie V. Duncan Singley, Homer Duncan and Harmon Duncan, and which is made a cross-bill, admits that J. R. Land purchased from S. J. Singley the west half of northeast quarter, the southeast quarter of northeast quarter, and the northwest quarter of southeast quarter of section 1, township 10, north, range 5 west, in Choctaw County, for G. C. Duncan, and had Singley convey the lands direct to Duncan, and that G. C. Duncan and wife executed and delivered to Land a mortgage to secure the payment of the purchase price advanced by Land. But they further allege that the mortgage did not include, and the parties did not intend that it should include, the west half of northeast quarter of section 1, township 10, north, range 5 west, Choctaw County. That the other lands purchased were included in the mortgage, together with certain personal property in lieu of the lands purchased but not included.

Respondents further allege that the entire debt secured by the mortgage was paid in full prior to the attempt to foreclose on May 30, 1927, and further that said attempt to foreclose was abortive because said mortgage was duly and legally foreclosed under its powers on August 15, 1922, and the property described therein purchased by J. R. Land. Further, that after said foreclosure sale, and on August 16, 1922, J. R. Land for and in consideration of the sum of $400, executed and delivered to Roxie V. Duncan a deed conveying to her the southeast quarter of northeast quarter of section 1, township 10, north, range 5 west, Choctaw County: that during the month of June, 1924, Roxie V. Duncan purchased from J. R. Land the northwest quarter of southeast quarter of section 1, township 10, north, range 5, west, Choctaw County, and agreed to pay therefor the sum of $325; that the final payment on said purchase price was made in December 1925, and a deed to said land, signed by J. R. Land, but not signed by his wife, was offered to her and by her refused: that Land agreed to have the deed executed by his wife, but that his

694

death occurred shortly thereafter and before the deed was properly executed and delivered.

The cross-bill prays that the court will find and decree that the mortgage from G. C. Duncan and wife to J. R. Land was correctly transcribed into the mortgage records of Choctaw County; that said mortgage did not include the west half of northeast quarter of section 1, township 10, north, range 5, west, in Choctaw County, and that said lands are the property of Roxie V. Duncan Singley, Homer Duncan and Harmon Duncan; that the mortgage from G. C. Duncan and wife to J. R. Land was duly and legally foreclosed under its powers on August 15, 1922, and that the debt secured thereby has been paid and satisfied in full, and that the record thereof be so marked: that Roxie V. Duncan Singley purchased from J. R. Land the southeast quarter of northeast quarter and the northwest quarter of southeast quarter of section 1, township 10, north, range 5 west, in Choctaw County, and now has the legal title to same; that the foreclosure deed dated May 30, 1927, and the quitclaim deed dated April 19, 1928, from the heirs of J. R. Land to Robert Land be held for naught and cancelled of record.

On testimony heard ore tenus, the trial court found that the mortgage from G. C. Duncan and wife to J. R. Land conveyed the following lands: the west half of northeast quarter, the southeast half of northeast quarter and the northwest quarter of southeast quarter of section 1, township 10, north, range 5, west, in Choctaw County, Alabama; that the mortgage was incorrectly transcribed into the records of the Judge of Probate of Choctaw County; that it was foreclosed on August 15, 1922, and the property described therein purchased by J. R. Land; that on August 16, 1922, J. R. Land and wife executed and delivered a deed conveying to Roxie V. Duncan Singley the southeast quarter of northeast quarter of section 1, township 10, north, range 5, west, in Choctaw County; that Roxie V. Duncan Singley purchased and paid for the northwest quarter of southeast quarter of section 1, township 10, north, range 5, west, in Choctaw County, but never received a deed conveying said land to her; that title to the west half of northeast quarter of section 1, township 10, north, range 5, west, in Choctaw County, is in Robert Land.

By its decree the trial court ordered, adjudged and decreed that the Judge of Probate of Choctaw County correct the description of the lands in Mortgage Record Book No. 88, at page 82, so as to make said description read as follows: West half of northeast quarter; southeast quarter of northeast quarter, northwest quarter of southeast quarter, all in section 1, township 10, north, range 5, west, containing 176 acres, more or less; that respondents, Roxie V. Duncan Singley, Homer Duncan and Harmon Duncan execute and deliver to Robert Land within thirty days from the filing of its decree a statutory warranty deed conveying to him the west half of northeast quarter of section 1, township 10, north, range 5, west, in Choctaw County, Alabama; that Robert Land execute and deliver to Roxie V. Duncan Singley, within thirty days from the filing of its decree, a statutory warranty deed conveying to her the northwest quarter of southeast quarter of section 1, township 10, north, range 5, west, in Choctaw County, Alabama: that title to the southeast quarter of northeast quarter of section 1, township 10, north, range 5, west, in Choctaw County, Alabama, is in Roxie V. Duncan Singley by virtue of the deed of J. R. Land and wife conveying said land to her. It was further ordered, adjudged and decreed that upon the failure or refusal for thirty days of the Judge of Probate to make the correction ordered, or the parties to execute and deliver the deeds ordered executed and delivered, that the register of the court perform that duty for them.

■ Where the trial judge has the witnesses before him, hears their testimony and observes their demeanor on the witness stand, his judgment, unless palpably wrong, will not be here disturbed. Puckett v. Puckett, 240 Ala. 607, 200 So. 420; Bonds v. Bonds, 234 Ala. 522, 175 So. 561; McClurkin v. McClurkin, 206 Ala. 513, 90 So. 917; Wade v. Miller, 208 Ala. 264, 93 So. 905; Murphy v. May, 243 Ala. 94, 8 So.2d 442.

■ We are in accord with the finding of the trial court, that the mortgage from G. C. Duncan and wife to J. R. Land conveyed to Land all of the property purchased from S. J. Singley, viz: West half of northeast quarter, the southeast quarter of northeast quarter, and the northwest quarter of southeast quarter of section 1, town-

ship 10, north, range 5, west, containing one hundred and seventy-six acres, more or less in Choctaw County, Alabama, and that this mortgage was foreclosed under its power on August 15, 1922, and that J. R. Land became the purchaser at foreclosure sale.

Where the mortgagee exercises the power of sale and becomes the purchaser, the authorities all agree that the execution of a deed is not essential to best legal title, for the simple reason that the mortgagee holds the legal title under the mortgage. Jackson et al. v. Tribble, 156 Ala. 480, 47 So. 310; Ritter v. Moseley, 226 Ala. 648, 148 So. 143. It follows that Robert Land holds the legal title to the west half of northeast quarter of section 1, township 10, north, range 5, west, in Choctaw County, Alabama, by virtue of the foreclosure sale and the quitclaim deed from the heirs at law of J. R. Land, deceased, there being nothing in the record to indicate that title to any of the lands here involved passed under the terms of the will of J. R. Land, deceased.

Robert Land did not appeal, and there is no cross-assignment of errors. A consideration of the effect of the foreclosure of May 30, 1927, is not necessary.

We find no error, and the cause is due to be and is affirmed.

Affirmed.

GARDNER, C. J., and THOMAS and BROWN, JJ., concur.