51 So.2d 864

**STAKELY et al. v. PATERSON.**

3 Div. 595.

Supreme Court of Alabama.
April 12, 1951.

Luther Ingalls, Montgomery, for appellee.

Chas. A. Stakely, Montgomery, pro se.

BROWN, Justice.

Emily Hillman Paterson died intestate on the 3rd day of August, 1946, leaving surviving her husband (the appellee), complainant in the circuit court, and four minor children, ages 14, 12, 7 and 5, and leaving an estate consisting of real property in the main located in Jefferson and Montgomery Counties. The husband by proceedings in the Probate Court of Montgomery County was appointed as administrator of the estate and thereafter the administration was removed into the circuit court, in equity, where this bill was filed by the husband in his individual capacity.

The petitioner took by curtesy a life estate in all the real estate left by said

decedent, the remainder vesting in the minor children. The bill classifies the property as Parcels No. 1, No. 2, No. 3 and No. 4. Parcel No. 1 embraces a fractional interest in certain real property located in the City of Birmingham which produces a rental of about $300 per month attended with expense for handling, collecting rents, etc., of $100. Parcel No. 2 consists of a duplex apartment in Montgomery "assessed for taxes as a house and lot, 16 So. Cloverdale Heights." Parcel No. 3 is the home place of the complainant and his minor children and produces no income. Parcel No. 4 is a piece of unimproved land on the outskirts of Montgomery, Alabama, at the filing of the bill used solely as farm lands producing an income or rental of $400 per annum. The bill alleges that offers have been made by owners of land adjoining parcel No. 4 for the purpose of forming a corporation or association to develop said land and to subdivide it into building lots.

The bill further alleges that said minor children have the vested remainder in said Parcel No. 4 and that such use as above will be impracticable and inadvisable during the minority of said children. "Petitioner is further informed and believes that it is to the best interest of said minor children for this Honorable Court to determine the present value of petitioner's life estate in the estate of the said Emily Hillman Paterson, deceased, and based thereon to carve out of said estate and set aside to your petitioner in fee simple parcel No. 4, or a part thereof, in lieu of all petitioner's right, title or interest in or to the real property of which Emily Hillman Paterson died seized, the same being described in paragraph No. 3 hereinabove, and that the Court will thereupon set aside to the minor children, Judith, Jane, Joan and James, as tenants in common, in fee simple, all of the balance of said real estate hereinabove described in paragraph No. 3, said children to be thereafter entitled to all of the income from said property set aside to them by this Honorable Court."

The original bill prayed that the court will appoint three competent freeholders to appraise all of the property owned by the decedent at the time of her death; that the court will determine and fix a reasonable amount of bond for petitioner as administrator of the estate of Emily Hillman Paterson, deceased; that the court will determine the "life expectancy of petitioner as the surviving husband of decedent, the reasonable monetary value of petitioner's life interest in said property owned by decedent at the time of her demise, and that so much of said property be set apart to him in fee simple as is equivalent to the present monetary value of said life estate" and that after setting aside such property to petitioner, the balance of said property be set aside to the minor children named above.

The original bill also prayed for partition in the event the court is "reasonably satisfied that the property belonging to said estate can be equitably divided to the best interest of said minor children" and that complainant be appointed as their guardian. The bill also prayed for the appointment of a guardian ad litem and appellant was so appointed and accepted.

The bill was amended by striking that part of the prayer of the bill seeking partition and as amended also prayed that the counsel employed by petitioner to file the bill be compensated out of the estate "in accordance with 1940 Code, Title 46, Section 63."

The guardian ad litem thereupon filed a demurrer to the bill as amended on the grounds, among others, that "there is no equity in the bill of complaint or petition, as last amended" and that "the petitioner does not offer to do equity;" that it "affirmatively appears that the petitioner is not entitled to the relief sought in the bill of complaint or petition, as last amended," and numerous other specific grounds, challenging the court's authority to grant the relief prayed.

The guardian ad litem also demurred to the aspect of the bill as last amended seeking apportionment by the petitioner and respondents based upon the life expectancy of petitioner on grounds, among others, that there is no equity in said aspect

ot the bill and that it appears that petitioner is not entitled to apportionment based on his life expectancy and that insufficient facts are alleged upon which the court can make apportionment to petitioner based on his life expectancy and for aught that appears petitioner is not entitled to an apportionment based on his life expectancy as a matter of law and other specific grounds.

Upon submission on the demurrer the court overruled the demurrer to the bill as a whole and to the several aspects mentioned.

The guardian ad litem annexed with the demurrer and appended there to an answer for said minors alleging: "Without waiving the foregoing demurrer to the bill of complaint or petition as last amended as a whole and to the separate aspects thereof, the guardian ad litem for Judith H. Paterson, Jane W. Paterson, Joan E. Paterson and James D. Paterson does now deny each and every material allegation of the said bill of complaint or petition as last amended and does hereby demand strict proof thereof."

Thereafter much testimony was taken in open court as to the value of the respective properties, the income therefrom and going to show the value of the life expectancy of the complainant in the properties. Upon submission on pleadings and proof the court entered a final decree adjudging:

"1. That petitioner, Julius P. Patterson, as administrator of Emily Hillman Paterson, deceased, is entitled to the relief prayed for in said petition as amended.

"2. That more than six months have elapsed since the granting of letters of administration to petitioner, that notice has been given to all creditors as provided by law, and that all lawful claims against said estate have been paid in full. * * *

"3. That Julius P. Patterson, the life tenant of Emily Hillman Paterson, deceased, whose age at his nearest birthday is 38 years, has a life expectancy, according to recognized tables of mortality, of 31 years. That said life tenant is present-

ly in robust health and may be reasonably expected to live for such period, and that the present worth of his life interest is valued at 63.6% of the present appraised value of all of said estate.

"4. That the reasonable return on the present value of all of the property in said estate would be 4% per annum compounded annually.

"5. That the report of Commissioners filed in this cause on the 14th day of November, 1950, be and the same is hereby ratified and confirmed in all things.

"6. That the property described in said petition as Parcel No. 1, all of which is located in Birmingham, Jefferson County, Alabama, is currently bringing in a new rent of $220.00 per month and that the property described in Parcel No. 2 of said petition is currently bringing in a rent of $82.50 per month. That the property described in said petition as Parcel No. 3 is now being used as the home place of petitioner and said four minor children. That the property described as Parcel No. 4 is principally unused and unimproved farm lands, part of which is presently being rented at an annual rental of $400.00.

"7. That the value of the income-producing property may generally be expected to increase, while the value of property described as Parcel No. 4 in the future is questionable.

"8. That the reasonable market value of the property described in said petition as being Parcel No. 1, Parcel No. 2, and Parcel No. 3 is $69,000.00, and that the reasonable market value of property described in this petition as Parcel No. 4 is $31,500.00.

"9. That it would be to the best interest of said minor children to set aside to Julius P. Patterson in fee simple the land described as Parcel No. 4 in said petition in lieu of his life estate in all of the property belonging to the estate of Emily Hillman Paterson, deceased and to set aside all of the balance of said property, described as Parcel No. 1, Parcel No. 2 and Parcel No. 3, to said minor children in fee simple as tenants in common.

"10. That the administrator's bond now in force in the penal sum of $25,000.00, is excessive and that a bond in the amount of $5,000.00 would be sufficient to protect said estate from any foreseeable loss occasioned by any default or failure of said administrator to faithfully perform his duties."

In accordance with the foregoing findings the court entered the final decree awarding to and vesting in the minors the fee simple title to parcels No. 1, No. 2 and No. 3 and vesting in complainant, the life tenant, the fee simple title to parcel No. 4. The decree also confirmed the assumption by the complainant of the mortgage indebtedness on parcels No. 2 and No. 3. It is from that decree that this appeal is prosecuted.

The appellant made the following assignments of error on the record.

"1. The court erred in overruling appellant's demurrer to the bill of complaint or petition, as last amended, said demurrer being directed to the bill in its entirety.

"2. The court erred in overruling appellant's demurrer to that aspect of the bill of complaint or petition, as last amended, seeking partition of the real estate described therein.

"3. The court erred in overruling appellant's demurrer to that aspect of the bill of complaint or petition, as last amended, seeking an apportionment between petitioner and respondents, based upon the life expectancy of petitioner.

"4. The court erred in overruling appellant's objection to testimony of S. J. Mohr, a witness for appellee, wherein the witness testified to the life expectancy of appellee.

"5. The court erred in overruling appellant's objection to testimony of Mr. F. P. Hereford, a witness for appellee, wherein the witness testified to the value of the life expectancy of appellee."

The result of the proceedings and decree of the court, if approved, is not partition in any sense, or is it a sale for division, but a conversion of a life tenure in the whole estate through the process of transmutation into an estate in fee simple in the life tenant to the property described in parcel No. 4. And through like process the decree converts a vested remainder into a fee simple estate in the minor heirs as tenants in common. In the absence of statute or the consent of the parties, all *sui juris*, this is not permissible under our laws. Kelly v. Deegan, 111 Ala. 152, 20 So. 378; Thompson v. Thompson, 107 Ala. 163, 18 So. 247; 102 A.L.R. p. 973, par. 11 "Sales by Court"; 33 Am.Jur. p. 766, § 274; Wilhite v. Rathburn, 332 Mo. 1208, 61 S.W.2d 708; Murphy v. May, 243 Ala. 94, 8 So.2d 442; Gavle v. Johnston, 80 Ala. 395; Cobb v. Frink, 200 Ala. 191, 75 So. 939; Chapman v. York, 212 Ala. 540, 103 So. 567; Herbert v. Wren, 7 Cranch 370, 3 L.Ed. 374; Gassenheimer v. Gassenheimer, 108 Ala. 651, 18 So. 520.

We are, therefore, of opinion that the aspect of the bill seeking transmutation of the interests held by the complainant into a fee simple estate is without equity and the demurrer of the guardian ad litem to said aspect was erroneously overruled. The decree of the circuit court is therefore reversed and a decree will be here rendered sustaining the demurrer to said aspect of the bill and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed, rendered and remanded.

LIVINGSTON, C. J., and LAWSON and SIMPSON, JJ., concur.