226

90 So.2d 775

**J. Alto LEE**

v.

**Lula LEE.**

4 Div. 808.

Supreme Court of Alabama.

Nov. 15, 1956.

H. K. & J. F. Martin, Alto V. Lee, III, and Huey D. McInish, Dothan, for appellant.

L. A. Farmer, Dothan, for appellee.

PER CURIAM.

This is an appeal by respondent from a final decree in equity, in which the court vacated a deed dated April 8, 1936, which deed was signed by R. E. Lee and his wife (complainant) with respondent as grantee. The authority invoked and applied by the court is section 15, Title 20, Code.

The bill alleged, and the court found, that a material part of the consideration for the execution of the deed was an agreement of the grantee to support the grantors during life. The said R. E. Lee died in March 1947 without taking any steps as authorized by section 15, supra. The complainant (the widow) filed this suit for that purpose on April 28, 1953. The bill shows that the land conveyed was their homestead at the time of the conveyance, and is less in area and value than the exemption provided by sections 625 and 661, Title 7, Code, and that R. E. Lee was the owner of it. It was all the real estate owned by R. E. Lee at the time of the execution of the deed, and he had none other when he died; and it was their homestead until he died. It does not appear that this complainant requested R. E. Lee to take action under said statute, section 15, and that he refused to do so. The statute does not declare that a deed so executed is thereby void and of no effect; but that it is "void at the option of the grantor". The question is whether the complainant is a grantor within the meaning of section 15, Title 20, supra.

We have a line of cases which hold that although a conveyance of the homestead is void when not executed and acknowledged by the wife as required by law, section 626, Title 7, Code, the wife can maintain a bill in equity to avoid the conveyance only when she alleges that her husband failed to act in the premises, Fies & Sons v. Lowery, 226 Ala. 329, 147 So. 136; or, as otherwise expressed, declined to act, Nelson v. First National Bank, 216 Ala. 349, 113 So. 291. And "if the title to the homestead is clouded, whereby the wife may suffer injury, by the probable loss of its use and enjoyment as a homestead, and the husband *refuses* to take the necessary steps to have the clouds removed, she will be permitted, by virtue of her incidental interests in the land, as wife and member of the owner's family, to come into equity to have the title of the husband made clear". Grider v. American Freehold Land Mortgage Co., 99 Ala. 281, 12 So. 775, 776; Seaman v. Nolen, 68 Ala. 463. Otherwise, "having no title, legal or equitable, she has no standing in court to obtain such relief".

Grider v. American Freehold Land Mortgage Co., supra. Nor is the wife bound by the warranty in such a deed. Title 34, section 49, Code; Lindsey Lumber & Export Co. v. Deas, 230 Ala. 447, 161 So. 473.

It is said in People's Bank of Red Level v. Barrow & Wiggins, 208 Ala. 433, 94 So. 600, 602, that the wife has "no title or interest in the homestead during the life of the husband *that she can sell*; but he could not alienate it without her consent, expressed as the statute requires". To the same effect are the cases of Winkles v. Powell, 173 Ala. 46, 51, 55 So. 536, and McIntosh v. McIntosh, 260 Ala. 209, 69 So.2d 691.

When a husband who is entitled to a homestead exemption abandons his wife and leaves the state, the wife, who is a resident of this state, is entitled to interpose any and all claims of homestead exemption which her husband could have interposed. Section 655, Title 7, Code; People's Bank of Red Level v. Barrow & Wiggins, supra; Jackson v. Blankenship, 213 Ala. 607, 105 So. 684. This includes an election to disaffirm a foreclosure sale because the mortgagee purchased without authority. Jackson v. Blankenship, supra; Hamm v. Butler, 215 Ala. 572, 112 So. 141. The wife's inchoate right of dower is more than a mere possibility for it is a contingent interest in the land, and when the land is subject to a mortgage she has the equity of redemption on that account, Taylor v. Taylor, 207 Ala. 217, 92 So. 109, although it was foreclosed as to the husband. McGough v. Sweetser, 97 Ala. 361, 12 So. 162, 19 L.R.A. 470. But she cannot assign or grant her inchoate dower interest so as to confer it on another. Saltmarsh v. Smith, 32 Ala. 404(3); Johnston v. Smith's Adm'r, 70 Ala. 108(6); Reeves v. Brooks, 80 Ala. 26; Chavers v. Mayo, 202 Ala. 128 (8), 78 So. 594.

It is said in Vancleave v. Wilson, 73 Ala. 387, that: "As amended, it is a bill filed by the *wife alone,* for the purpose of setting aside a conveyance of the homestead made by husband and wife, on the alleged ground of *duress* practiced on her, and upon the further ground that the conveyance was void for want of proper certificate of acknowledgment. It is manifest that the wife had no such interest in the property as would authorize her to sue alone in such a case, even were the interposition of equity otherwise justifiable. The title of the property and the right of homestead are both in the husband, not in the wife. She may exercise a veto power upon his right of alienation, and may enjoy the privilege of co-occupation by his permission, but during the husband's life she possesses no property in the premises, certainly none which would authorize her to file a bill in her own name to remove a cloud from the title." This statement does not take account of the further principle which enables the wife to exercise that right in equity when the husband has refused to do so or has abandoned the family.

We gather from the foregoing authorities several principles (may be more) which are independent of each other but related, and which were operative in 1936 when the deed here in question was executed, namely:

(1) Section 8046 of the Code of 1923, section 15, Title 20, Code of 1940, grants an option to the "grantor" in a conveyance (when the consideration is as set out in the statute) to be exercised by him during his life by taking proceedings in equity to annul the conveyance.

■ (2) When a married man executes a conveyance of the *homestead* owned by him and occupied by him and his wife, without complying with the requirements of the applicable statute with respect to the signature and acknowledgment of the wife, the conveyance is void, but during the life of the husband the wife may not file a bill in equity to remove it as a cloud on the title to protect the homestead as a dwelling place unless she has called upon the husband to do so, and he has failed or refused or has abandoned the family.

(3) The wife has in her own right an equity of redemption from a mortgage on land not foreclosed as to her, enforceable when the circumstances justify.

The equity sought to be exercised here was apparently thought by the trial court and by counsel for complainant to be conferred by section 8046, Code of 1923, section 15, Title 20, Code of 1940, in effect when the deed was executed. Such equity is an option conferred on the grantor in a conveyance of which a material part of the consideration is an agreement of the grantee to support the grantor during life. The primary question here is whether the wife owning no interest in the home, but who joins in the conveyance in such manner as to give validity to the husband's conveyance, is a grantor under the statute. We think she is not such a grantor.

We think a grantor is one who conveys or grants something she possesses so as to vest title in the grantee. Our cases hold that a wife has no interest in the homestead or other land of her husband while he lives which she can grant. She has only a veto power, and a right to occupy the homestead with the family as long as it is the home. Therefore, when the husband dies the option dies with him under the statute unless he began proceedings while living to annul the deed. So that after his death, without him having proceeded, there was no option in existence since his wife was not a grantor within the meaning of the statute.

During the life of the husband, while he still possessed the option under the statute with reference to the homestead, his wife might have the right to call on him to exercise it by proceeding in equity, and on his failure or refusal (or when he has abandoned the family), she could proceed to enforce his right to exercise it while he is still alive. But it would be the enforcement of his right, not hers, that she is exercising. Not having called on her husband during his life to proceed in equity, and since he had not abandoned the family, she cannot obtain the benefit of the option conferred on him by the statute. We do not think this complainant is a grantor within the meaning of section 15, Title 20, Code.

The question of laches is not here insisted upon, but see Welch v. Whitman, 255 Ala. 328, 51 So.2d 353.

It is not necessary to consider the questions presented by the cross bill in view of our opinion that complainant is not entitled to relief. Therefore, the decree of the circuit court, in equity, should be reversed and a decree here rendered denying relief and dismissing the cause.

The foregoing opinion was prepared by Foster, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, § 32, Code, and was adopted by the Court as its opinion.

Reversed and rendered.

LIVINGSTON, C. J., and SIMPSON, GOODWYN and SPANN, JJ., concur.