This appeal involves a quiet title action involving the severed mineral estate of two specific parcels of real estate situated in Tuscaloosa County. The judgment of the trial court is affirmed.
The Tuscaloosa County lands which are the subject of this appeal are: 160 acres located in Section 26, Township 19 South, Range 11 West; and 240 acres located in Section 27, Township 19 South, Range 11 West. The appellants, who were the defendants below, and the appellees, who were the plaintiffs below, claim title to the mineral interests of these two parcels through a common grantor, E.B. Tierce, who acquired the mineral interests in 1914. The trial court, following the filing of the appellees' complaint, quieted title in the appellees, and this appeal followed.
The facts surrounding the conveyances appear as follows: By a deed dated March 8, 1915, E.B. Tierce, conveyed the mineral interests in the above described parcels of land to W.E. Bowers, who, along with his wife, mortgaged the mineral estates to Reuben H. Wright. The mortgage was then transferred to Bessie Wright Ragland, who purchased the mineral interests at a foreclosure sale, as evidenced by a foreclosure deed dated July 24, 1934. On the same day, an instrument was executed by Bessie Ragland conveying the mineral interests to Reuben Wright, which interests later passed to the appellees under the will of Reuben Wright.
The facts indicated that those individuals in the chain of title from W.E. Bowers to the appellees assessed the mineral interests for ad valorem taxes beginning in 1916, and continued without interruption through 1971. As to the mineral interests located in Section 26, assessment and payment of taxes continued unabated to the filing of this suit. In 1972, however, the Tuscaloosa County tax assessor inadvertently removed the mineral interests in Section 27 from the appellees' property assessment. This error was discovered by the appellees after the quiet title action was filed. The tax assessor corrected the error by making amended returns and noted on the returns the error and reason for the correction. The appellees subsequently paid the taxes for the entire period.
The appellants' claim rests on a mineral deed from E.B. Tierce to C.M. Ayres dated July 11, 1914. The deed to Ayres recites that the consideration was paid by a promissory note and reserves a vendor's lien. The interest of Ayres passed through three estates to the appellants, who gave an oil, gas and mineral lease to Conwood Exploration, Inc. Neither C.M. Ayres nor any of his devisees or the heirs of his devisees assessed the lands for taxation prior to the time the complaint was filed. After the complaint was filed, appellants assessed the mineral interests for taxation by means of an escape assessment.
The evidence indicates that there has been no development of the mineral rights, either through mining or drilling, for either oil or gas or other minerals. Consequently, neither party is in actual possession of the mineral interests.
 I
The appellants contend that this is an adverse possession case under Code 1975, *Page 57 
§ 6-5-200. As denominated in both the complaint and the trial judge's order, however, this is an in rem action to quiet title to the described mineral interests, pursuant to §§ 6-6-560
through 6-6-573. This statute is often referred to as the Grove Act.
In their reply brief, the appellants claim that the Grove Act was intended to clear up title disputes involving surface rights and not those title disputes involving mineral interests, although the statute contains no language which would otherwise limit its application to in rem proceedings resolving only surface right disputes. In fact, Section 6-6-570
contains the following pertinent wording: "When any person, natural or artificial, claims either in his own right or in any representative capacity whatsoever, to own any land or anyinterest therein . . ." (emphasis added). This language suggests that the statute is applicable to establish a person's right or title irrespective of the type of interest claimed.
The fundamental rule of statutory construction is that a court is under a duty to ascertain and effectuate legislative intent as expressed in the statute, see e.g., Gundy v. Ozier,409 So.2d 764, 765, 766 (Ala. 1981), which may be gleaned from the language used, the reason and necessity for the act and the purpose sought to be obtained. See Rinehart v. Reliance Ins.Co., 273 Ala. 535, 538, 142 So.2d 254, 256 (1962).
The Grove Act, as originally enacted, was adopted for the purpose of clearing "up all doubts or disputes concerning [land titles]." Williams v. First National Bank of Mobile,384 So.2d 89, 94 (Ala. 1980). Thus, consistent with this purpose and the unequivocal plain meaning of the language "any interest," we believe the legislature intended to include not just claims involving surface rights, but also those claims related to severed mineral estates.
 II
An action to quiet title under the terms of the Grove Act may be commenced when any one of the following situations is shown to exist:
 "(1) When the complainant is in the actual, peaceable possession of the lands.
 "(2) When neither the complainant nor any other person is in the actual possession of the lands and complainant has held color of title to the lands, or interest so claimed, for a period of ten or more consecutive years next preceding the filing of the bill, and has paid taxes on the lands or interest during the whole of such period.
 "(3) When neither the complainant nor any other person is in the actual possession of the lands and complainant, together with those through whom he claims, have held color of title and paid taxes on the lands or interest so claimed for a period of ten or more consecutive years next preceding the filing of the bill.
 "(4) When neither the complainant nor any other person is in the actual possession of the lands and complainant and those through whom he claims have paid taxes during the whole of such period of ten years on the lands or interest claimed, and no other person has paid taxes thereon during any part of said period."
Fitts v. Alexander, 277 Ala. 372, 375, 170 So.2d 808, 810
(1965). The appellees submit that they have met the burden of proof under situations (2), (3) and (4) of the alternatives established in Fitts. The findings of the trial court plainly indicate they have done so.
First, the trial court found that neither the appellees nor anyone else was in possession of the land, that the lands were undeveloped insofar as mineral rights were concerned, and that no drilling or mining had occurred on the lands. Consequently, no one was in either constructive or actual possession of the mineral interest in the lands subject to this suit. Cf.Thomason v. Mullinax, 403 So.2d 883 (Ala. 1981). Second, the trial court found that the appellees and their predecessors in title have held color of title to the lands for a period of ten or more consecutive years preceding the filing of the suit. Third, the trial court found that the appellees had paid taxes on the mineral *Page 58 
estates for a period of ten or more consecutive years preceding filing of the complaint.
The trial court specifically found that those persons in the chain of title leading into the appellees had assessed and paid taxes on the mineral interests located in Section 26, Township 19 South, Range 11 West, beginning contemporaneously with the deed from E.B. Tierce to W.E. Bowers in 1915. As to the mineral interests located in Section 27, Township 19 South, Range 11 West, the trial court found that the appellees or their predecessors in title had assessed this interest and paid taxes continuously from 1916 until 1972, when the tax assessor, through a clerical error, caused Section 27 to be deleted from the tax assessment of the appellees' predecessor, the estate of Reuben Wright. The trial court concluded, however, that the clerical error was corrected by the tax assessor and that the appellees paid ad valorem taxes on the mineral interests in Section 27 for the entire period between the date the clerical error occurred and the date of the correction.
A public official has the inherent authority to amend errors in the public record by correcting the error or omission. 76 C.J.S. Records, § 24 (1952). In this case, the trial court found that the tax assessor mistakenly removed the mineral interests in Section 27 from assessment of appellees' predecessor in title and corrected the error when it was discovered in 1982, by amending the appellees' tax return for the period affected by the error. Under these circumstances, the appellees were entitled to have the record corrected and the tax assessor properly did so. See Singley v. Land, 244 Ala. 692,694-695, 15 So.2d 564, 566 (1943); see also § 40-7-9.
Appellants assert that the appellees have not established the exclusivity of the assessment and payment of taxes mandated under the Grove Act because appellants filed an "escape assessment" pursuant to § 40-7-23. Although the appellants attempted to make the escape assessment, after the complaint was filed, for the preceding ten years, the trial court found that the appellants' escape assessment did not constitute payment of taxes during the ten years prior to filing of the complaint. Hence, the trial court, under these facts, was authorized to conclude that no other person had paid taxes on the mineral interests during all of the previous years. SeeHart v. Allgood, 260 Ala. 560, 563, 72 So.2d 91, 93 (1954).
 III
The appellants claim that "[t]o now allow [the appellees] to come in and use the `technical' aspects of the Grove Act would effectively put a burden on record title holders to search the record forward to determine whether or not anyone has acquired a later interest in the lands to which they hold clear undisputed title."
As the evidence in the record shows, and the trial court found, the appellees and their predecessors in title have assessed the mineral interests in question since E.B. Tierce conveyed the mineral estates to W.E. Bowers in 1915. Indeed, the testimony of one of the appellees indicates that the mineral interests have been leased for oil and gas development, yet the appellants presented no evidence of payment of taxes for the mineral interests in question from 1915 to 1981 and no evidence that they have otherwise exercised dominion or control over the minerals.
In Boshell v. Keith, 418 So.2d 89 (Ala. 1982), the Court held that a claim unasserted for twenty years is thereafter barred by the rule of repose. The circumstances of Boswell are similar to the circumstances of the present case. An action was brought to quiet title to mineral interests in certain parcels of real estate. The mineral interests had been conveyed in September of 1958 to the defendant, who paid the annual assessment. Not until February of 1980 did any heirs of the grantor seek to assert claim to the mineral interests in question.
The Court has applied the rule of repose in a variety of situations. In Spencer v. Hurd, 201 Ala. 269, 77 So. 683
(1918), the plaintiff sought to quiet title against a *Page 59 
mortgage given in the year of 1889 and due in 1890, but which had remained dormant until 1916 when an heir of the mortgagee demanded payment. Although there was no evidence to show discharge of the debt, the Court, citing Snodgrass v.Snodgrass, 176 Ala. 276, 58 So. 201 (1912), held that the mortgage was barred under the rule of repose. Likewise, inBallenger v. Liberty National Life Ins. Co., 271 Ala. 318,123 So.2d 166 (1960), an employee who was shown in corporate records as having received one of the fifty original shares of a funeral benefit association that eventually became Liberty National Life Insurance Company, but never received a share certificate, brought suit more than twenty years after incorporation, demanding his stock. Relying, once again onSnodgrass, supra, the Court rejected the plaintiff's claim even though there were no records produced to indicate that the plaintiff had ever conveyed or released his original share of stock.
In the instant case, there are two mineral deeds from the same grantor, both acknowledged by the same attorney. The first deed conveyed the mineral rights to the appellants' predecessors in title, and reserved a vendor's lien. The record indicates that after receiving the deed, the appellants' predecessors never assessed the mineral interests and did not lease the interests to another or otherwise manifest any signs of ownership of the particular mineral interests for more than sixty years. The second deed, executed only a year after the first, was to the appellees' predecessors in title, who, the record shows, promptly assessed the mineral interests and continued to do so down through the years. Based on these circumstances, the implication arises that the grantor in these two deeds foreclosed his lien against the appellants' predecessors and conveyed the mineral interests to the appellees' predecessors. Indeed, this implication is confirmed by the appellants' failure to exercise any ownership rights over the property until they had been contacted by an oil exploration company many years later.
After reviewing all the relevant details and facts of this case, the Court finds no indication that the trial court erred under the circumstances here by quieting title in the appellees to the mineral interests in question; therefore, the judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.