HOLMES, Judge
(dissenting).
I respectfully disagree with the majority opinion.
*280 I believe that the interpretation of the Act and the result achieved by the majority are not in harmony with the clear language of the Act.
The fundamental rule of statutory construction is that a court is under a duty to ascertain and effectuate legislative intent as expressed in the statute, which may be gleaned from the language used, the reason and necessity for the act, and the purpose sought to be obtained. Shelton v. Wright, 439 So.2d 55 (Ala.1983).
The Act establishes two situations in which police and fire department retirees are entitled to receive an increase in their retirement benefits. First, the retirees are entitled “to 50% of any blanket pay raise ... granted to active employees of the same class that said retired member held on the date of his retirement.” While not directly in issue here, this provision contemplates a very comprehensive pay raise —changing broadly the classification of positions of employment.
Second, the retirees are entitled “to 50% of any increased pay resulting from any plan revision, granted to active employees of the same class that said retired member held on the date of his retirement.” (Emphasis supplied.) Thus, in the second instance, the clear language of the Act requires the following: (1) an increase in pay, (2) granted to the active employees of the same class, and (3) that results from any plan revision.
A review of the record reveals only that a plan revision occurred. The Personnel Board, subsequent to the passage of this Act, merely increased the number of pay steps from seven to ten. But, most relevant to the inquiry here is what the Board did not do when it revised the plan. It clearly did not increase the pay of the seven pre-existing steps within a classification. Stated another way, the mere fact that three new steps were added to the pay plan does not ipso facto result in “any increased pay” as required by the Act.
The active employees, who, at the time of the revision adding the three new steps, held the same class as the retired members, were still required to “move up” into the additional steps as and when it was deemed prudent and necessary by the appropriate authority.
In construing statutes, a court shall give weight to the practical effect a proposed construction will have. State v. AAA Motor Lines, Inc., 275 Ala. 405, 155 So.2d 509 (1963).
No one could reasonably assert that an active employee who had advanced to the seventh or “top” pay step prior to the addition of the eighth, ninth, and tenth steps would automatically advance to the tenth or (new) “top” pay step. Such a result would invalidate the entire basis upon which such a pay plan system rests.
Likewise, it would be just as unreasonable to “advance” these retired employees automatically when, in fact, they ceased accruing longevity, etc., upon their retirement from the system.
The majority emphasizes that the trial court “failed to take into account the fact that these retirees never had an opportunity to take advantage of the three additional pay steps.” The flaw in this reasoning is the assumption, as stated above, that a mere increase in the number of pay steps would, by itself, result in an increase in pay. Furthermore, it is pure speculation to assume that each and every one of these 172 retirees would have advanced into these additional pay steps had they been available to them prior to retirement.
I would, therefore, hold that the action of the Personnel Board, revising the plan by adding three additional pay steps, was neither a “blanket pay raise” nor “any increased pay” as required under Section 29 of Act 243, Acts of Alabama 1964, as amended by Section 4, Act 862, Acts of Alabama 1978. Consequently, the retired employees, having ceased progressing through the pay plan system upon retirement, are not entitled to a pension increase based upon the mere addition of the three pay steps.
*281 Needless to say, I would affirm the trial court.