The appellant appeals from the trial court's denial of his petition for writ of habeas corpus. He contends that because he was not brought before a judge within 72 hours of his arrest, his bond is due to be reduced pursuant to Ala.R.Crim.P. 4.3, which requires that he be released upon execution of an appearance bond in the minimum amount required under the schedule set out in Rule 2 of the Alabama Rules of Judicial Administration.
The record reveals that James Dutell was arrested on June 5, 1991, pursuant to a writ of arrest on two separate indictments. Each indictment charged him with the unlawful distribution of marijuana, in violation of § 13A-12-211, Code of Alabama 1975. He was taken before the Houston Circuit Court for the first time on July 17, 1991, for arraignment and for appointment of counsel. The State did not present any evidence at the hearing. At that time, the appellant filed a motion asking that bail be set in accordance with Ala.R.Crim.P. 4.3. That motion was denied. At the conclusion of the hearing, the appellant's bond was reduced from $10,000 to $5,000 on each indictment. The appellant filed a petition for writ of habeas corpus on August 19, 1991. A hearing on the petition was held on August 21, 1991. The State did not present any evidence at that hearing. The appellant testified that during his incarceration from June 5, 1991, until July 17, 1991, he was never taken before a judge. He was also not given the opportunity to have an attorney appointed for him. He testified that he had been unable to make the $10,000 bonds. The petition for writ of habeas corpus was denied. *Page 625 
Rule 4.3, in pertinent part, provides the following:
"(b) On Arrest With a Warrant
". . . .
 "(2) If the person arrested cannot meet the conditions of release provided on the warrant, or if no such conditions are prescribed or provided for,
". . . .
 "(ii) If such person were arrested pursuant to a warrant issued upon an indictment, he shall be taken without undue delay, except in no event later than seventy-two (72) hours after arrest, before a circuit or district judge who shall proceed as provided in Rule 4.4.
 "(3) If the person arrested cannot meet the conditions of release and has not been taken before a judge or magistrate in the case of a warrant issued on a complaint, or has not been taken before the circuit or district court in the case of a warrant issued on an indictment, without undue delay, except in either case in no event later than seventy-two (72) hours after arrest, unless the charge upon which the person was arrested is not a bailable offense, such person shall be released upon execution of an appearance bond in the minimum amount required by the schedule set forth in Rule 2 of the A.R.J.A. and directed to appear for arraignment either at a specified time and place or at such time and place as he shall subsequently be notified."
The Committee Comments to Rule 4.3 state:
 "[I]f the person [arrested pursuant to a warrant] cannot obtain his release, he is entitled to go before a judge or magistrate within seventy-two (72) hours after arrest for an initial appearance unless the arrest is pursuant to warrant issued on indictment, in which case authority to set or review release conditions is reserved to the circuit court or district court if designated. Review by the circuit or district court must be within seventy-two (72) hours after arrest."
The Alabama Rules of Criminal Procedure were promulgated by the Alabama Supreme Court pursuant to its rulemaking power. In construing these rules, this court will attempt to ascertain and to effectuate the intent of the Alabama Supreme Court as set out in the rule. See generally Shelton v. Wright,439 So.2d 55 (Ala. 1983). This intent may be gleaned from the language used, the reason and necessity for the rule, and the purpose of the rule. Id. Rule 1.2, A.R.Cr.P., states that the rules "shall be construed to secure simplicity in procedure, fairness in administration, and the elimination of unnecessary delay and expense, and to protect the rights of the individual while preserving the public welfare."
We find the language and intent of the rule to be clear and unequivocal. Rule 4.3(b)(2)(ii) required that the appellant be taken before a judge within 72 hours of his arrest. At the end of the 72 hours, when he had not been taken before a judge, the appellant should have been released upon execution of an appearance bond in the minimum amount required by the Alabama Rules of Judicial Administration. Ala.R.Crim.P. 4.3(b)(3). This interpretation comports with our rules of statutory construction and with the rule of construction set out in Rule 1.2.
The State argues that Rule 4.3(b)(2) applies only before arraignment or prior to first appearance situations. The State contends that once the accused makes an appearance for arraignment, Rules 4.3(b)(2)(ii) and (b)(3) no longer apply. We disagree. If this were the case, the 72-hour requirement would have no purpose. The purpose of the rule is to ensure that defendants are not forgotten and left in jail without procedural due process. If the State's argument was correct, a defendant could be kept in jail for a year and if he is arraigned at his first appearance at the end of that year, the issue would be moot and the defendant would have no remedy. If the State's contention was correct, there would be no reason for the rule. See Druid City Hospital Bd. v. Epperson,378 So.2d 696 (Ala. 1979) (presumption that legislature does not enact meaningless legislation). *Page 626 
For the reasons set forth above, we hold that the trial court abused its discretion in denying the petition for writ of habeas corpus. The judgment is reversed and the cause remanded to the Houston Circuit Court for proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur.