The petitioner, James C. Hutto, filed this petition for a writ of mandamus directing the Honorable James C. Brotherton, circuit judge for the Fourteenth Judicial Circuit, to set his bail at the minimum amount recommended in Rule 7.2, Ala.R.Crim.P. On April 20, 1998, the petitioner was arrested for criminal trespass in the third degree. As a result of a statement Hutto made to the police during his questioning on that charge, *Page 1052 
he was charged with sexual abuse in the first degree and with kidnapping in the first degree. Arrest warrants relating to these two offenses were served on Hutto on April 23, 1998, while he was being held in the Walker County jail on the criminal trespass charge. Hutto was not brought before a judge or magistrate until May 5, 1998, 12 days after his arrest. Citing Rule 4.3(b)(3), Hutto moved to have bail set at the minimum amount recommended in Rule 7.2, Ala. R.Crim.P., because he was not brought before a judge or magistrate within 72 hours of his arrest. District Judge Larry W. Lapkovitch denied Hutto's motion and set bail at $50,000 for each of the two counts. Hutto then filed a petition for a writ of habeas corpus in the Walker County Circuit Court. Judge Brotherton granted the petition for the writ of habeas corpus, fixed bail at the minimum amount of $4,000 ($3,000 for the kidnapping charge and $1,000 for the sexual abuse charge), but immediately raised the bail to $50,000 for each count. Hutto then filed a direct appeal with this court challenging the circuit court's action. This court dismissed the appeal because habeas relief had been granted. Hutto then filed a motion requesting this Court to reconsider the dismissal or, in the alternative, to treat the action as a petition for a writ of mandamus. This court granted Hutto's motion, and we are treating his appeal as a petition for a writ of mandamus.
Initially, we note that this petition is correctly before this court. The trial court granted Hutto's habeas petition. The only way to obtain review of Judge Brotherton's action is by filing a petition for a writ of mandamus in this Court. "Mandamus lies when no other adequate remedy is available."Ex parte Taylor Coal Co., 401 So.2d 1, 3 (Ala. 1981).
Hutto argues that even though Judge Brotherton purported to grant habeas corpus relief, "in reality, the Circuit Court has circumvented a Rule of Criminal Procedure and the Defendant is entitled to a minimum bond which would total Four Thousand Dollars ($4,000.00)." Judge Brotherton's order states as follows:
 "Ordered by the Court that defendant's writ of habeas corpus be and is hereby granted and that bonds be set in the amount of $1,000 on the [sexual abuse] first degree charge, and $3,000 on the kidnapping charge.
 "It is further ordered that said bonds be and are hereby declared insufficient and that they are hereby reset at $50,000.00 each case."
We agree that Judge Brotherton's ruling effectively denied Hutto the relief to which he is entitled under Rule 4.3, Ala.R.Crim.P.
Rule 4.3, Ala.R.Crim.P. states that within 48 hours of arrest (if the arrest was without a warrant) a judge or magistrate must make a probable cause determination and that within 72 hours of arrest (if the arrest was with a warrant) an accused must be brought before a judge or a magistrate. The exhibits filed by the State with its answer to the petition reflect that Hutto was arrested pursuant to a warrant on the sexual abuse charge and the kidnapping charge; thus, the procedure upon his arrest is governed by Rule 4.3(b), which states:
 "(1) If provision therefor has been made by the judge or magistrate issuing the arrest warrant, a person arrested with a warrant shall be released on an appearance bond in the amount set in accordance with the schedule contained in Rule 7.2 and directed to appear either at a specified time and place or at such time and place as he or she shall be subsequently notified of.
 "(2) If the person arrested cannot meet the conditions of release provided on the warrant, or if no such conditions are prescribed or provided for,
 "(i) If such person was arrested pursuant to a warrant issued upon a complaint, he or she shall be taken without undue delay, except in no event later than seventy-two (72) hours after arrest, before a judge or magistrate, who shall proceed as provided in Rule 4.4. or
 "(ii) If such person was arrested pursuant to a warrant issued upon an indictment, he or she shall be taken without undue delay, except in no event later than seventy-two (72) hours after arrest, *Page 1053 
before a circuit judge, who shall proceed as provided in Rule 4.4.
 "(3) If the person arrested cannot meet the conditions of release and has not been taken before a judge or magistrate in the case of a warrant issued on a complaint, or has not been taken before the circuit court in the case of a warrant issued on an indictment, without undue delay, except in either case in no event later than seventy-two (72) hours after arrest, unless the charge upon which the person was arrested is not a bailable offense, such person shall be released upon execution of an appearance bond in the minimum amount required by the schedule set forth in Rule 7 and directed to appear for arraignment either at a specified time and place or at such time and place as he or she shall be subsequently notified of.
(Emphasis added.)
This court, in Dutell v. State, 596 So.2d 624, 625
(Ala.Cr.App. 1991), construing Rule 4.3(b), stated:
 "The Alabama Rules of Criminal Procedure were promulgated by the Alabama Supreme Court pursuant to its rulemaking power. In construing these rules, this court will attempt to ascertain and to effectuate the intent of the Alabama Supreme Court as set out in the rule. See generally Shelton v. Wright, 439 So.2d 55 (Ala. 1983). This intent may be gleaned from the language used, the reason and necessity for the rule, and the purpose of the rule. Id.
Rule 1.2, A.R.Cr.P., states that the rules `shall be construed to secure simplicity in procedure, fairness in administration, and the elimination of unnecessary delay and expense, and to protect the rights of the individual while preserving the public welfare.'
 "We find the language and intent of the rule to be clear and unequivocal. Rule 4.3(b)(2)(ii) required that the appellant be taken before a judge within 72 hours of his arrest. At the end of the 72 hours, when he had not been taken before a judge, the appellant should have been released upon execution of an appearance bond in the minimum amount required by the Alabama Rules of Judicial Administration. Ala. R.Crim.P. 4.3(b)(3). This interpretation comports with our rules of statutory construction and with the rule of construction set out in Rule 1.2.
 "The State argues that Rule 4.3(b)(2) applies only before arraignment or prior to first appearance situations. The State contends that once the accused makes an appearance for arraignment, Rules 4.3(b)(2)(ii) and (b)(3) no longer apply. We disagree. If this were the case the 72-hour requirement would have no purpose. The purpose of the rule is to ensure that defendants are not forgotten and left in jail without procedural due process. If the State's argument was correct, a defendant could be kept in jail for a year and if he is arraigned at this first appearance at the end of that year, the issue would be moot and the defendant would have no remedy. If the State's contention was correct, there would be no reason for the rule. See Druid City Hospital Bd. v. Epperson, 378 So.2d 696 (Ala. 1979) (presumption that legislature does not enact meaningless legislation)."
The State argues that any failure to set the minimum recommended bail in accordance with Rule 4.3(b)(3) is rendered moot because Judge Brotherton granted habeas corpus relief and because Hutto has since been indicted for the offenses for which the arrest warrants were issued. As this Court stated inDutell, "If the State's contention was correct, there would be no reason for the rule." 596 So.2d at 625. "The purpose of the rule is to ensure that defendants are not forgotten and left in jail without procedural due process." 596 So.2d at 625.
Sexual abuse in the first degree is a Class C felony; kidnapping in the first degree is a Class A felony. The bail schedule in Rule 7.2, Ala.R.Crim.P., recommends a minimum bail of $1,000 for a Class C felony and a minimum bail of $3,000 for a Class A felony. The bail in this case must be set at $4,000.
We understand Judge Brotherton's concerns that the minimum bail in this case is too low and we empathize with the situation in which he finds himself. (The state argues in its answer that bail was increased because of Hutto's disruptive behavior in prison.) *Page 1054 
However, this Court is bound by the Rules of Criminal Procedure and by caselaw interpreting those rules. We have no other option; we must grant Hutto the relief to which he is lawfully entitled under Rule 4.3, Ala. R.Crim.P.
The exhibits filed with the State's answer show that on June 4, 1998, Hutto pleaded guilty to the charge of criminal trespass in the third degree and that he was sentenced to serve 30 days in jail. Once he has completed his sentence in the criminal trespass case, he is entitled to have bond set at $4,000 (the minimum bond recommended on the bail schedule set out in Rule 7.2, Ala.R.Crim.P.) for the sexual abuse charge and the kidnapping charge. As Hutto concedes in his brief to this Court, if he then violates the terms of his release, the State may initiate bail revocation proceedings.
For the reasons stated above this petition is due to be granted.
PETITION GRANTED.
McMILLAN, COBB, BROWN, and BASCHAB, JJ., concur.