Leroy Harold Smoke, Jr., appeals from the trial court's revocation of his probation. At the State's request, we remand this case for the trial court to clarify on the record whether it complied with Rule 27.1, Ala.R.Crim.P., when it placed Smoke on probation.
The case action summary contained in the record indicates that Smoke pleaded guilty to felony driving under the influence of alcohol, see § 32-5A-191, Ala. Code 1975; that he was initially sentenced to 5 years' imprisonment; that that sentence was suspended, conditioned on his serving 18 months in a county detention facility and thereafter remaining under supervised probation for 3 years or until all of the conditions of his probation were met; and that the trial court later suspended Smoke's remaining jail sentence and continued the requirement of supervised probation for 3 years or until all of the conditions of his probation were met. After a hearing, the trial court entered the following order in the case action summary:
 "Defendant appeared before the Court for revocation hearing with [his] . . . attorney. Charged violations of probation are that Defendant was arrested in Middleton, Tennessee for Public Intoxication and Violation of Open Container Law, and that Defendant left the State of Alabama without permission.
 "Based on the fact that the Defendant's presence in Tennessee is substantiated by copy of arrest report from Hardeman County Sheriff's Department and the *Page 389 
sworn testimony of [the]. . . . Probation Officer that Defendant had been instructed not to leave the state and that Defendant had not been issued a travel permit, nor had Defendant ever requested a travel permit, Probation Revoked and 5-year sentence put into effect. Defendant to receive maximum drug and alcohol treatment while incarcerated.
"Defendant advised of right to appeal."
The transcript of the revocation hearing contains the following colloquy between the trial court, Smoke, and Smoke's probation officer:
 "THE DEFENDANT: . . . At no time has [the probation officer] or anyone with the court told me that I couldn't go out of state as part of my conditions. I thought honestly if I stayed out of trouble, I thought I was on probation for [driving under the influence]. I was under the impression that as long as I wasn't drinking or driving or creating any felonies, that I was okay. No one has ever said you have got to do this or you have got to do that. I didn't sign any papers saying I had to do this or do that.
". . . .
 "THE COURT: Well, based upon the new charges, based upon your failure to comply with the conditions by leaving the state, your probation is ordered revoked and your sentence put into effect. Ordered to receive maximum drug and alcohol treatment while you are incarcerated.
". . . .
 "THE DEFENDANT: Your Honor, may I please say something? I am ignorant of the law, and according to what I have read in the rules of the court, it says a person who is on probation cannot be revoked for conditions that he has never been served a written copy, that he has to have signed according to Alabama Rules of Court. If that is not done, he cannot be revoked for the conditions. I would ask Your Honor to consider that, to look into that. If that's so, I can't see how you can revoke me on it.
 "THE COURT: Well, you failed to comply with the conditions that were set out in court. Do you have a copy of the conditions? Ordinarily you have.
 "[THE PROBATION OFFICER]: I should. I don't see it in the file.
 "THE COURT: Mr. Smoke, you have a right to appeal if you want to, if you choose to do that."
Rule 27.1, Ala.R.Crim.P., provides in pertinent part:
 "All conditions of probation must be incorporated into a court's written order of probation, and a copy thereof must be given to the probationer. In addition, the court or probation officer shall explain to the probationer the purpose and scope of the imposed conditions and regulations and the consequence of probationer's violation of those conditions and regulations."
The Committee Comments to Rule 27.1 state:
 "Providing the probationer with both a written copy of imposed conditions and regulations and an explanation thereof aids in the reinforcement of the probationer's understanding of probation. The rule should alleviate the court's and the probation officer's supervisory burden by eliminating some unnecessary violations caused by probationer's lack of understanding."
Furthermore, Rule 27.6(e), Ala.R.Crim.P., states:
 "(e)Disposition. If the court finds that a violation of the conditions or regulations of probation or instructions occurred, it may revoke, modify, or continue probation. Probation shall not be *Page 390 revoked for violation of a condition or regulation if the probationer had not received a written copy of the condition or regulation."
(Emphasis added.)
Smoke argues that his probation was revoked based, at least in part, upon a finding by the trial court that he had violated a condition of his probation by leaving the State of Alabama without permission from his probation officer, a condition that, Smoke says, was never communicated to him in writing. The record before this Court does not indicate that the trial court complied with Rule 27.1 by informing Smoke in writing of the conditions of his probation, specifically, that a condition of his probation was that he had to have permission from his probation officer to leave the state. Furthermore, we specifically note that the record does not support the trial court's finding that the probation officer had instructed Smoke not to leave the state. The probation officer testified at the revocation hearing as follows:
 "At no time did I give Mr. Smoke permission to leave the State of Alabama. At no time was a travel permit issued to Mr. Smoke to leave the State of Alabama. At no time did Mr. Smoke come to my office and request permission to leave the State of Alabama."
This Court, relying on an Alabama Supreme Court case that predates the Alabama Rules of Criminal Procedure, Wilcox v. State, 395 So.2d 1054
(Ala. 1981), has interpreted Rule 27 as incorporating the "implicit condition" rule — that a condition implicit in every probationary sentence is that the defendant, while under sentence of probation, will not commit another criminal offense. See Pettway v. State, 628 So.2d 1066
(Ala.Crim.App. 1993); and Byrd v. State, 675 So.2d 83 (Ala.Crim.App. 1995). Therefore, under the authority of these cases, Smoke cannot be heard to complain that he was not properly notified that his commission of additional criminal offenses could result in the revocation of his probation. However, because the trial court revoked Smoke's probation based specifically on its finding that Smoke had failed to obtain permission before leaving the State of Alabama, compliance with Rule 27.1 with respect to that condition must be established on the record. Although Smoke himself raised the question of proper notification at the revocation hearing, we stop short of concluding that a remand for clarification purposes would be pointless, as we concluded in Byrd v.State, supra. Here, the trial court indicated during the hearing that it "ordinarily" provides a written copy of the conditions to the probation officer and, presumably, to the probationer.
Based on the foregoing, we remand this case to the trial court for it to state on the record whether it complied with Rule 27.1. The trial court shall file a return to remand with this Court within 14 days from the date of this opinion.
REMANDED WITH INSTRUCTIONS.
McMillan, P.J., and Cobb, Baschab, and Wise, JJ., concur.
 On Return To Remand