842 So.2d 748 (2002)
Roddfo Guerrero NIETO
v.
STATE of Alabama.
CR-01-0184.
Court of Criminal Appeals of Alabama.
April 26, 2002.
Scott K. Hedeen, Dothan, for appellant.
William H. Pryor, Jr., atty. gen., and Melissa K. Atwood, asst. atty. gen., for appellee.
PER CURIAM.
On October 21, 1998, the appellant, Roddfo Guerrero Nieto, pleaded guilty in the Houston District Court to driving under the influence of alcohol. That same day, the district court sentenced Nieto to 12 months' hard labor; that sentence was suspended, and Nieto was ordered to serve 60 days in jail followed by 24 months' probation. The district court further ordered the appellant to pay $2,822.71 in fines and costs. On March 31, 1999, the trial court ordered the issuance of a writ of arrest because Nieto apparently had failed to pay his fine and, therefore, had violated the terms of his probation. On September 28, 2001, the trial court held a hearing and revoked Nieto's probation "for failure to pay."[1]
Nieto appeals directly from the judgment of the Houston District Court, as authorized by Rule 30.2, Ala.R.Crim.P. The district court certified the following question of law as the sole issue for review *749 in this case: "If neither the sentencing portion of the Uniform Traffic Ticket and Complaint nor the Case Action Summary reflect when a defendant, who is on a suspended sentence, is to pay the fines and costs, when is the payment of the fines and costs due?" (C. 25.)
Nieto argues that "the absence of an order to pay at once and the absence of a pay by date or payment plan meant that [he] could pay at any time during his twenty-four-month suspended sentence." (Appellant's brief at p. 6.) Citing Rule 26.11(d), Ala.R.Crim.P., the State contends that the "fines and costs were due and payable `immediately after the pronouncement of sentence as preferred.'" (State's brief at p. 7.)
Rule 26.11(d), Ala.R.Crim.P., provides:
"If the defendant cannot pay the costs, fine, and/or restitution immediately after pronouncement of the sentence as preferred, the court may permit payment of the costs, fine, and/or restitution, at some later date, or in specified installments."
We start with the basic premise that words used in court rules must be given their plain meaning. Ex parte City of Montgomery, 721 So.2d 261 (Ala.Crim. App.1998). Rule 26.11(d) clearly suggests that the preferred method of payment for court-ordered moneys is immediately after the pronouncement of sentence, unless the court permits payment at some later date or in installments. Furthermore, in Dutell v. State, 596 So.2d 624, 625 (Ala.Crim.App. 1991), we stated:
"The Alabama Rules of Criminal Procedure were promulgated by the Alabama Supreme Court pursuant to its rulemaking power. In construing these rules, this court will attempt to ascertain and to effectuate the intent of the Alabama Supreme Court as set out in the rule. See generally Shelton v. Wright, 439 So.2d 55 (Ala.1983). This intent may be gleaned from the language used, the reason and necessity for the rule, and the purpose of the rule. Id. Rule 1.2, [Ala.R.Crim.P.], states that the rules `shall be construed to secure simplicity in procedure, fairness in administration, and the elimination of unnecessary delay and expense, and to protect the rights of the individual while preserving the public welfare.'"
In light of the plain meaning of Rule 26.11(d), Ala.R.Crim.P., and this Court's rationale in Dutell, 596 So.2d at 625, we hold that when the sentencing portion of the Uniform Traffic Ticket and Complaint and the case action summary sheet are silent as to when a defendant is to pay fines and costs, those fines and costs are due immediately after pronouncement of sentence. However, we note that the facts in the instant case deserve a closer look by this Court beyond the narrow question submitted by the district court. Specifically, we must look to whether the appellant's probation was revoked in compliance with Rule 27.1, Ala. R.Crim.P.
As discussed earlier in this opinion, Rule 26.11(d), Ala.R.Crim.P., clearly pertains to a trial court's discretion to allow deferred and installment-payment plans for defendants who cannot pay their cost, fines, or restitution immediately following the pronouncement of sentence. The rule does not, however, pertain to a defendant's due process rights regarding the revocation of his probation, which is the ultimate issue in this case.
Payment of a fine is certainly an acceptable condition to remaining on probation. See, e.g., Rule 27.1, Ala.R.Crim.P., Committee Comments. Moreover, Rule 26.11(f)(2), states:

*750 "If a defendant on probation fails to pay a fine or restitution, or any installment thereof, within the prescribed time, the clerk shall give notice of such delinquency to the defendant's probation officer."
(Emphasis added.) This rule clearly contemplates the existence of a payment due date as a condition to a defendant's continuing on probation. Rule 27.1, Ala. R.Crim.P., requires that, when a trial court grants probation,
"[a]ll conditions of probation must be incorporated into a court's written order of probation, and a copy thereof must be given to the probationer. In addition, the court or probation officer shall explain to the probationer the purpose and scope of the imposed conditions and regulations and the consequence of probationer's violation of those conditions and regulations."
The Committee Comments to Rule 27.1, Ala.R.Crim.P., state:
"Providing the probationer with both a written copy of imposed conditions and regulations and an explanation thereof aids in the reinforcement of the probationer's understanding of probation. The rule should alleviate the court's and the probation officer's supervisory burden by eliminating some unnecessary violations caused by probationer's lack of understanding."
Finally, Rule 27.6(e), Ala.R.Crim.P., clearly states that "[p]robation shall not be revoked for violation of a condition or regulation if the probationer had not received a written copy of the condition or regulation." See also Smoke v. State, 812 So.2d 387 (Ala.Crim.App 2001), opinion on remand 812 So.2d at 390.
The district court's certification to this Court refers to, and adopts, the stipulation of facts jointly submitted by the appellant and by the State. The certification also states that those factual stipulations truly and accurately reflected the facts as presented to the district court in the appellant's motion to reconsider. Stipulation "G" in the stipulation of facts states:
"At the hearing, it was the Court's and State's position that the absence of a pay-by date or payment plan meant that the Defendant was to pay at once. It was the Defendant's position that the absence of a payment plan or pay-by date meant that the Defendant could pay at any time during the suspended sentence period which would have expired October 21, 2000 (approximately)."
After reviewing the record, including the stipulation of facts, the motion to reconsider, and the district court's certification, we are concerned that the district court may have revoked Nieto's probation in violation of Rule 27.1, Ala.R.Crim.P. The record suggests that the district court may have failed to comply with Rule 27.1, Ala. R.Crim.P., by not informing Nieto in writing of a material condition of his probation, specifically, that the immediate payment of fines and costs was required. The question certified by the district court suggests that Nieto may never have been told that immediate payment was a condition of his probation.
Although the preferred due date for payment of court-ordered moneys is stated plainly in Rule 26.11(d), Ala.R.Crim.P., it appears that Nieto was never informed in the court's written order of probation, pursuant to Rule 27.1, Ala.R.Crim.P., of the necessity to pay the court ordered moneys immediately after pronouncement of sentence. This Court is, therefore, hesitant to permit the revocation of probation based on noncompliance with a term or condition of probation that was not made known to the probationer at the time probation was granted.
*751 It is axiomatic that "procedural due process, protected by the Constitutions of the United States and this State, requires notice and an opportunity to be heard when one's life, liberty, or property interests are about to be affected by governmental action." Brown's Ferry Waste Disposal Ctr., Inc. v. Trent, 611 So.2d 226, 228 (Ala.1992). Accordingly, we remand this case to the district court for that court to clarify whether it complied with Rule 27.1, Ala.R.Crim.P., by giving written notice to Nieto that immediate payment of fines and costs was a material condition of his probation. If the district court determines that Nieto's probation was revoked in violation of Rule 27.1, Ala.R.Crim.P., it shall reinstate Nieto's probation and provide him with a written copy of the conditions of probation, including the prescribed due date for payment of all fines, costs, and/or restitution.
REMANDED WITH DIRECTIONS.[*]
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur. BASCHAB, J., concurs in part and dissents in part, with opinion.
BASCHAB, Judge, concurring in part and dissenting in part.
I concur with that portion of the majority's opinion that holds that, "when the sentencing portion of the Uniform Traffic Ticket and Complaint and the case action summary sheet are silent as to when a defendant is to pay fines and costs, those fines and costs are due immediately after pronouncement of sentence." However, I dissent as to the portion of the majority opinion that remands this case for the district court "to clarify whether it complied with Rule 27.1, Ala. R.Crim. P., by giving written notice to Nieto that immediate payment of fines and costs was a material condition of his probation." Because the district court certified only one question for appeal, that is the only matter that is properly before this court. Therefore, I respectfully dissent from that portion of the majority's opinion that addresses a matter that was not certified by the district court.
NOTES
[1] The issuance of this warrant tolled Nieto's probationary period. See Owens v. State, 728 So.2d 673, 680 (Ala.Crim.App.1998). Thus, the district court retained jurisdiction to revoke Nieto's probation.
[*] Note from the reporter of decisions: On August 9, 2002, on return to remand, the Court of Criminal Appeals affirmed, without opinion.