PER CURIAM.
The appellant, Garland Christopher Johnson, was arrested on October 8, 1998, on charges of sexually abusing J.K., his 12-year-old stepdaughter, and M.C., her 8-year-old cousin. The trial court ordered a $100,000 cash bond; it later reduced the bond to a $50,000 property bond, on the condition that the appellant was not to have any contact with the victims.[1] On November 28, 2000, the prosecutor filed a motion to have the appellant’s bond declared insufficient, on the ground that the appellant had violated the condition of the bond and was still in direct contact with one of the victims. The court granted the motion and issued an order for the appellant’s arrest, setting the new bond at $250,000 per case and committing him to jail until he paid the bonds.[2] The order again stated that a condition to the appellant’s being released on bond was that he not have contact with the victims. The appellant was arrested on November 29, 2000. On December 12, 2000, the appellant filed a petition for a writ of habeas *1028 corpus, contending that he had been held in jail illegally since his arrest, because he was unable to secure a $500,000 bond. On January 22, 2001, the trial court conducted a hearing on the petition. After the hearing, the court denied the petition.
The appellant contends that the trial court erred in denying his petition for the writ of habeas corpus. He argues that the court did not conduct the hearing required under Rule 7.5(a), Ala. R.Crim. P., and that the prosecutor did not properly notify his counsel before increasing his bond. He also argues that, because a hearing was not conducted within 72 hours, he must be released on the minimum bond required under Rule 7.2, Ala. R.Crim. P.
I.
With regard to procedures after pretrial release, Rule 7.5(a), Ala. R.Crim. P., provides:
“Upon motion of the prosecutor stating with particularity the facts or circumstances constituting a material breach of the conditions of release or stating with particularity that material misrepresentations or omissions of fact were made in securing the defendant’s release, the court having jurisdiction over the defendant released shall issue an arrest warrant under Rule 3.1[, Ala. R.Crim. P.,] to secure the defendant’s presence in court. A copy of the motion shall be served with the warrant, and a hearing shall be held on the motion without undue delay, except in no event later than seventy-two (72) hours after the arrest of the defendant released, as provided in Rule 4.3(a)[, Ala. R.Crim. P.].”
The prosecutor’s motion to have the appellant’s bond declared insufficient stated that J.K’s mother had failed to adequately protect J.K. from further abuse by her stepfather and that the school counselor had information that the appellant was still in direct contact with J.K. The trial court apparently was concerned that the $50,000 bond was too low to prevent continued abuse. We share that concern and the court’s desire to ensure the safety of the victims. However, the trial court still was required to comply with the notice and hearing requirements of Rule 7.5 before modifying the conditions of the appellant’s release.
The record reveals no error with regard to notice, because the Rule does not require that notice be given to counsel and the appellant does not contend that he was not properly served. However, the record also reveals that the court failed to conduct the hearing required by Rule 7.5(a) before modifying the terms of appellant’s release. The State argues that a hearing was not required because the present case involves the insufficiency of the bond, rather than an initial arrest. However, Rule 4.3, Ala. R.Crim. P./ sets out procedures upon the initial arrest, while Rule 7.5 specifies the procedures following pretrial release. The Committee Comments to Rule 7.5 note that the 72-hour provision of Rule 7.5 is “in harmony” with the policy behind Rule 4.3(a)(l)(ii), in that “there must be some type of- hearing within seventy-two (72) hours of arrest.” See Dutell v. State, 596 So.2d 624, 625 (Ala.Crim.App.1991), in which this court, construing Rule 4.3(b), stated that the intent of the Alabama Supreme Court in promulgating the Alabama Rules of Criminal Procedure “may be gleaned from the language used, the reason and necessity for the rule, and the purpose of the rule.”
Here, the trial court conducted a hearing on the appellant’s petition for the writ of habeas corpus; the appellant and his counsel both appeared at the hearing. That proceeding, however, was insufficient to cure the court’s failure to hold a bond-revocation hearing because no affirmative *1029 evidence regarding the alleged breach was entered. The prosecutor stated that a D.H.R. investigator was available to testify that the appellant had been in daily contact with J.K., one of the victims, which would have violated a condition of his release. However, the trial court did not hear the investigator’s testimony, and the State presented no other evidence. Because nothing in the record supports the trial court’s modification of the appellant’s bail, this court is required by the Alabama Rules of Criminal Procedure and applicable caselaw to grant the appellant the relief to which he is entitled.
II.
With regard to the amount of the appellant’s bond, Rule 4.3(b)(3), Ala. R.Crim. P., states that, if a person cannot meet the conditions of release and has not been taken before the court within 72 hours, he or she must be released upon execution of a bond in the minimum amount set out for the offense in the bail schedule included in Rule 7. However, Rule 4.3 applies to an initial arrest. There is no comparable provision in Rule 7.5, which applies after release.
Rule 7.5(b), Ala. R.Crim. P., provides, in pertinent part:
“If, after a hearing on the matters set forth in the [prosecutor’s] motion, the court finds that the defendant released has not complied with or has violated the conditions of release, or that material misrepresentations or omissions of fact were made in securing the defendant’s release, the court may modify the conditions or revoke the release.”
Because no hearing was conducted, the trial court lacked the authority to modify the conditions of the appellant’s release. Therefore, the appellant is entitled to be released on the conditions previously ordered by the court, that is, upon his execution of a property bond of $50,000 and on the condition that he -not have any contact with the victim. The Alabama Rules of Criminal Procedure do not require that the appellant be released on the minimum bond after he has already failed to comply with conditions imposed by the court.
REVERSED AND REMANDED.
McMILLAN, P.J., and COBB and SHAW, JJ„ concur. BASCHAB and WISE, JJ., dissent, without opinion.

. The appellant was indicted on one count of sexual abuse in the first degree during the January 1999 grand jury term (as to M.C.). He was indicted on two counts of rape in the first degree and four counts of sexual abuse in the first degree during the March 1999 term (as to J.K.). The trial court did not change the appellant's bond following the indictments.

. In an apparent typographical error, the court's order states that the bond is $250,000 "per charge,” instead of "per case” or "per victim.” The appellant states that the total bond is $500,000.