PER CURIAM.
The petitioner, Timothy 0. Bumpers, filed this petition for a writ of habeas corpus directing Judge Thomas ap Roger Jones to reinstate his bail. Bumpers was arrested and indicted for three counts of possessing controlled substances. His bail was originally set at $1,500. Bumpers posted that bail and was released. On September 27, 2002, the State moved to have Bumpers’s bail revoked, stating as the ground that Bumpers had been arrested for a new offense while he was free on bail. Judge Jones granted the State’s request and Bumpers was arrested for the bail violation. No bail-revocation hearing was held. On October 2, 2002, Bumpers filed a motion seeking to be released on the original bail. Judge Jones denied that motion; this petition followed.
Bumpers argues that he has been illegally held in violation of Rule 7.5(a), Ala. R.Crim.P., since September 27, 2002, and that he is entitled to be released on his original bail. We allowed the State an opportunity to respond. The State’s only response is as follows:
“The Defendant is being held by the Sheriff in Dallas County pursuant to the Circuit Court, Thomas Jones presiding, revoking his bond. Said order was based upon the commission of a new drug [offense] by the Defendant.
“Judge Jones has ordered a hearing set on this matter for the next available scheduled Court date, October 18, 2002.”
Based on the State’s answer we instructed this Court’s clerk’s office to contact the circuit clerk for Dallas County to determine if a hearing was held as scheduled. The circuit clerk verified that a hearing was held on that date, but the clerk noted that the hearing did not address Bumper’s request to be released on his original bail. The October 18 hearing dealt with a motion that had previously been filed by Bumpers to dismiss the drug charges against him.
Rule 7.5, Ala.R.Crim.P., states:
“(a) Issuance of Warrant. Upon motion of the prosecutor stating with particularity the facts or circumstances constituting a material breach of the conditions of release or stating with particularity that material misrepresentations or omissions of fact were made in *629 securing the defendant’s release, the court having jurisdiction over the defendant released shall issue an arrest warrant under Rule 3.1 to secure the defendant’s presence in court. A copy of the motion shall be served with the warrant, and a hearing shall be held on the motion without undue delay, except in no event later than seventy-two (72) hours after the arrest of the defendant released, as provided in Rule 4.3(a).
“(b) Hearing; Review of Conditions; Revocation of Release. If, after a hearing on the matters set forth in the motion, the court finds that the defendant released has not complied with or has violated the conditions of release, or that material misrepresentations or omissions of fact were made in securing the defendant’s release, the court may modify the conditions or revoke the release. If a ground alleged for revocation of the release is that the defendant released has violated the condition under Rule 7.3(a)(2) by committing a criminal offense, or that there was a misrepresentation or omission concerning other charges pending against the defendant released, the court may modify the conditions of release or revoke the release, if the court finds that there is probable cause (or if there has already been a finding of probable cause) to believe that the defendant released committed the other offense or offense charged.”
(Emphasis added.) It appears from the scant exhibits filed with this petition that the reason for revoking Bumpers’s bail was the fact that Bumpers had been charged with a new drag offense. However, there is no indication that the trial judge made a finding of probable cause as to the new charge. Nor is there any indication of the circumstances surrounding Bumpers’s arrest.[1]
Bumpers argues that according to Rule 7.5(b), Ala.R.Crim.P., he was entitled to a hearing on the motion to revoke bail. After a careful reading of Rule 7.5(b), we disagree with Bumpers’s interpretation. Rule 7.5(b) contains separate provisions for bail violators who have been charged with certain violations of the conditions of release and violators who have been charged with a new offense while free on bah. (See the emphasized portion of Rule 7.5(b) quoted above.) This rule states that a trial court has the authority to revoke or modify bail when the bail violation is the commission of a new offense or offenses while on bail. The rule further states that there must be a finding of probable cause or there may already have been a finding of probable cause. There is no reference in this portion of the rule to a hearing. In fact, by the use of the language “or if there has already been a finding of probable cause,” this rule implies that the court may revoke bail without a hearing. Cf. Johnson v. State, 848 So.2d 1027 (Ala.Crim.App.2002) (bail was revoked without a hearing for bail violator charged with having contact with one of the victims and we directed the trial court to release Johnson on the terms of his original release).
Here, it is unclear from the scant materials submitted with the petition and the meager answer whether the trial court made any probable cause finding when it revoked bail for Bumpers based on his commission of a new offense while on bail. We recognize that a probable cause determination may have been made at the time of Bumpers’s arrest, if he was arrested based on an arrest warrant; however, the *630 scant information in the petition and answer fails to disclose the circumstances surrounding Bumpers’s arrest.
This petition is granted to the extent that Judge Jones is directed to comply with Rule 7.5(b), Ala.R.Crim.P., by stating for the record that the new offense for which Bumpers was arrested was based on probable cause. Any other relief sought by Bumpers in his petition is denied.
It is clear that the drafters of Rule 7.5(b) attempted to make an exception for those offenders who commit other crimes while out on bail. However, what is not totally clear from the ambiguous wording of this rule, is how a court is to apply this exception. If our interpretation of this rule is inconsistent with the Supreme Court’s intent in adopting Rule 7.5(b), Ala. R.Crim.P., we invite the Criminal Rules Committee to suggest clarifying this rule.
PETITION GRANTED IN PART; DENIED IN PART.
McMILLAN, P.J., and COBB, BASCHAB, SHAW, and WISE, JJ., concur.

. We recognize that an arrest warrant may only be issued after probable cause has been found. See § 15-7-3, Ala.Code 1975.